No. 9954.

CLEGG v. WATERBURY ET AL.

| 88 | 21 |
|----|----|
| 135 | 48 |
| 88 | 21 |
| 142 | 207 |

PRACTICE.—*Complaint.*—*Good After Verdict.*—A defective complaint will be held good after verdict where it may be fairly implied from the verdict that the facts not alleged were nevertheless proved.

SAME.—*Interrogatories to Jury.*—*Verdict.*—It is error to refuse to send special questions to the jury as asked, material to the issues, to be answered with a general verdict, unless the court sends others covering the same points.

MALICIOUS PROSECUTION.—*Complaint.*—Where, in the complaint in an action for a malicious prosecution, there are allegations of malice, want of probable cause and an unsuccessful prosecution, or allegations from which these material facts may be inferred, the complaint may be held good after verdict.

SAME.—A complaint in such action, averring that "on motion and request of the defendant, made in person, said affidavit, prosecution and charges were dismissed, and plaintiff was not required to go to trial thereon," sufficiently shows that the prosecution has ended.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *D. C. Anthony*, for appellant.

*J. B. Merriwether*, for appellees.

ELLIOTT, J.—The appellees, who are husband and wife, brought this action to recover damages for a malicious prosecution instituted against the latter by the appellant.

The complaint was not attacked in the court below, but is here assailed by the assignment of errors. We are, therefore, to test the complaint by the rules which prevail in cases where the pleading is not questioned until after verdict. It is a familiar rule that many defects are aided by a verdict, and that after verdict all reasonable intendments will be made in favor of the pleading. The part of the complaint which charges the malicious prosecution reads thus: "And the defendant, unjustly and maliciously contriving and intending to imprison, harass and injure plaintiff Elizabeth Waterbury, falsely, maliciously, and without probable cause, on the 9th day of April, 1881, by his affidavit, subscribed and sworn to before William King, a justice of the peace within and for

Clark county, Indiana, charging plaintiff Elizabeth Waterbury, with Abiatha Waterbury and Susan McIson, on the 7th day of April, 1881, at the county of Clark, and State of Indiana, unlawfully and with force and arms, and violently and with menaces and force, and violently take and keep unlawful possession by force and violence of certain real estate in said Clark county, being then and there the property of —— Clark, and then and there caused to be issued by said King, justice of the peace as aforesaid, a warrant for the arrest of the plaintiff Elizabeth Waterbury upon the charges contained in said affidavit, and upon which warrant plaintiff Elizabeth was arrested by a constable, and bond required for her appearance before said justice at a future day; that plaintiff was arrested near the town of Henryville, in said county, more than twenty miles distant from the county seat and the jail of said county; that said Elizabeth was required by said justice to give bond for her appearance before him at a time five days after her arrest; that she was unable to give the bond required, and by the mittimus of said justice was committed to the jail of Clark county, and was therein confined by the sheriff of said county for the period of three days."

The language used by the pleader is inaccurate, the whole frame of the pleading is inartistic, and the meaning somewhat obscure, but, notwithstanding this, we regard it as good after verdict. It avers that there was malice, an unsuccessful prosecution, and want of probable cause, and these are the principal elements of a malicious prosecution. 1 Hilliard Torts, 437. While the allegations upon these points are not satisfactory, still there is enough to make the complaint good after verdict, for there are certainly allegations from which these material facts may be implied. The rule upon this subject is thus stated by Mr. Gould: "For if the pleading of the party, for whom such a verdict has been found, is faulty, in omitting some particular fact or circumstance, without which he ought not to have judgment, but which is, nevertheless, implied in, or inferrible from, the finding of those facts, which are expressly alleged

and found; the pleading is aided, (because the omission is supplied), by the verdict: In other words, the court, in such a case, must presume that the fact or circumstance omitted was proved to the jury." Gould Pl., ch. 10, section 12.

It is contended that the complaint does not show that the prosecution had ended. We think it does. The allegation on this point is as follows: "On the motion and request of the defendant made in person, said affidavit, prosecution and charges were dismissed, and plaintiff was not required to go to trial thereon." *Richter* v. *Koster*, 45 Ind. 440; *Leever* v. *Hamill*, 57 Ind. 423; Cooley Torts, 186.

Appellant, at the proper time and in due form, presented to the court six interrogatories, and prayed that they be submitted to the jury and answers required in the event that they elected to return a general verdict. The court refused to submit the interrogatories asked, and submitted three others.

It is the duty of the court to require the jury to answer pertinent and material interrogatories when properly requested, in case they elect to return a general verdict. It was error to refuse those asked in this case unless we can see from the record that those framed by the court fully covered the ground embraced within those asked by counsel.

It is no doubt true that the court may frame interrogatories of its own and submit them instead of those framed by the parties. If, however, the interrogatories prepared by the court do not fully cover the pertinent and material points embraced in those asked by the parties, it will be error to refuse the latter. In this instance we think the interrogatories did not fairly cover the points upon which those of the appellant required the jury to pass. The interrogatories of the court required the jury to answer only as to general conclusions from the evidence; while those of the appellant required them to answer as to specific questions of fact, but which had a direct and material bearing upon the issues made by the pleadings.

Judgment reversed.