The Louisville, New Albany and Chicago Railway Co. *v.* Hubbard.

No. 12,515.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* HUBBARD.

PLEADING.—*Additional Pleadings.—Opening Issues.— Discretion of Court.*— The party who assails the refusal of the trial court to open the issues in a cause to admit the filing of additional pleadings, must affirmatively show an abuse of discretion.

DEPOSITION.— *Producing Witness in Court.*—Where a deposition is properly taken, it may be read in evidence unless the witness is produced in court at the time the deposition is read. Section 425, R. S. 1881.    •

INSTRUCTION TO JURY.—*Refusal to Give After Indicating that it will be Given.* —The court may refuse an instruction, if satisfied that it is erroneous, although it may have previously indicated that it would be given.

CONTRACT.—*Personal Services.— Compensation.—Benefit Received by Third Person.*—Where a plaintiff renders services at the request of the defendant, his right to compensation is not affected by a contract between the defendant and a third person, of which he had no knowledge, nor by the fact that the third person, and not the defendant, received the benefit.

SAME.—*Implied Promise to Pay.—Quantum Valebat.*—Where one renders services at the instance of another, without any specific compensation being agreed upon, the law implies a promise on the part of the latter to pay the reasonable value of the services.

SAME.—*Payment.—Receipt.—Evidence.*—A receipt for services under one contract is not evidence of payment under another and distinct contract.

SAME.—*Estimating Compensation.—Responsibility of Service.*—In estimating compensation for services it is proper for the jury to consider the responsibility entailed upon the plaintiff by being made the custodian of valuable property.

INTERROGATORIES TO JURY.—*Rejection.*—Interrogatories to the jury may be submitted only when they call for a finding upon material and substantive facts. Interrogatories calling for a finding upon items of evidence should be rejected.

EVIDENCE.—*Demand in Former Complaint.—Admission.*—The demand made in the complaint in a former action is competent as an admission, but it is not conclusive upon the plaintiff.

JUDGMENT.— *Void for Want of Jurisdiction. — Not Conclusive upon Either*

The Louisville, New Albany and Chicago Railway Co. v. Hubbard.

*Party.*—A judgment in a former action, which is void for the want of jurisdiction, does not conclude either of the parties.

From the Carroll Circuit Court.

*G. W. Friedley, G. W. Easley* and *W. H. Russell,* for appellant.

*L. B. Sims, G. R. Eldridge* and *J. L. Sims,* for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint was, by the instruction of the trial court, withdrawn from the jury, and the case, therefore, stands upon the second paragraph. That paragraph is a demand of compensation for services performed for the appellant, at its request, by the appellee.

The cause had been at issue for four months when the appellant asked leave to file an amended answer. We can not say from the record that the trial court abused its discretion in refusing permission to open the issues. It devolves upon the party who assails the refusal of the court to open the issues to admit the filing of additional pleadings, to affirmatively show an abuse of discretion, and as none is here satisfactorily shown, we must uphold the decision of the trial court.

The court permitted the appellee to read in evidence the deposition of W. A. Hubbard, who was shown to have been in court during the trial and until noon of the day in which his deposition was read. It is not shown, however, that he was " produced in court at the time the deposition was read to the jury." For anything that appears, it may not have been in the power of the appellee to produce him in court, and as the presumption is in favor of the ruling of the trial court we must hold that error does not affirmatively appear. The record shows that Hubbard lived in Marion county, and it was, therefore, proper to take and to read his deposition. The appellee could not have compelled him to remain in attendance, and, consequently, could not be deprived of his testimony, unless some wrong or fault on his part was shown,

and nothing of that kind is disclosed by the record. Where a deposition is properly taken, it may be read in evidence unless " the witness is produced in court," for so the statute expressly declares. R. S. 1881, section 425.

The court may refuse an instruction, if satisfied that it is erroneous, although it may have previously indicated that it would be given. *City of Logansport* v. *Dykeman, ante,* p. 15.

We think it clear that a court, after the discovery of an error, may justly correct it. Of course, an instruction once approved should not be withdrawn unless there is a valid and substantial reason for withdrawing it, but, nevertheless, an error may be rectified at any time before the verdict is returned. *Farley* v. *State,* 57 Ind. 331.

Where a plaintiff renders services at the request of the defendant, his right to compensation is not affected by a contract with a third person of which he had no knowledge. Nor is his right to compensation affected by the fact that the third person received the benefit, and not the defendant. It was, therefore, proper for the court to refuse the instruction asked by the appellant concerning the contract between Yeoman and the appellant, for that contract did not impair the rights of the appellee.

The evidence shows that the services for which the appellee asks compensation were rendered upon the request of the appellant. There is, consequently, no question as to the right of a mere trustee to recover compensation from the creator of a trust. The case is the simple and ordinary one of a plaintiff rendering service at the instance of a defendant without any specific compensation being agreed upon. As every one knows, the law implies a promise on the part of the defendant in such cases to pay the plaintiff the reasonable value of his services.

The second instruction asked by the appellant was properly refused, because the claim of the plaintiff was not for services rendered under the contract with Yeoman, dated February 28th, 1880, but for services under a different con-

tract. A receipt for services under one contract is not evidence of payment under a contract distinct and different from the one to which the receipt refers. In this case Hubbard's receipt refers specifically to services as trustee under the contract with Yeoman, and does not extend to any other.

It was proper for the court to instruct the jury that in estimating the appellee's compensation they might take into consideration the responsibility entailed upon the appellee by being made the custodian of the bonds placed in his possession. The value of property entrusted to a party's custody is a proper element for consideration in fixing his compensation. It is but right that compensation should bear a just relation to the degree of responsibility incurred.

The error, if there was error, in refusing the tenth instruction asked by the appellant, was cured by the remittitur of one thousand dollars entered by the appellee.

What we have said disposes of all the questions arising upon the rulings on the instructions, and we deem it unnecessary to notice them in full detail.

Forty-seven interrogatories were asked by the appellant, and of these twenty-six were given and twenty-one were refused. We hold that the court did not err in rejecting these interrogatories. The law does not mean that interrogatories shall be submitted calling for a finding upon mere items of evidence, for, if this were the intention of the statute, it would be in the power of the parties to compel the jury to rehearse the entire evidence. What the statute declares and intends is, that the jury may be required to find material and substantive facts. *Trentman* v. *Wiley*, 85 Ind. 33; *Atchison, etc., R. R. Co.* v. *Plunkett*, 25 Kans. 188; *Dubois* v. *Campau*, 28 Mich. 304; *Louisville, etc., R. W. Co.* v. *Pedigo*, 108 Ind. 481; *Miner* v. *Vedder* (Mich.), 33 N. W. Rep. 47.

In this case the interrogatories given to the jury fully covered all the controlling questions of fact, and it was entirely proper to refuse those which were disapproved. It is, indeed, the duty of the court not to permit the jury to be em-

The Louisville, New Albany and Chicago Railway Co. *v.* Hubbard.

barrassed and confused by a great number of interrogatories. The interrogatories should be clear and as few in number as will elicit the material facts.

There is evidence fully sustaining the verdict of the jury, and we can not disturb it.

It is insisted that the amount of the recovery assessed by the jury is excessive, and the principal reason assigned in support of this contention is, that in a former action brought by the appellee he only claimed two thousand dollars. The reason adduced by counsel is not sufficient to support his position. The complaint and demand in the former case were competent as admissions, but they did not conclude the appellee. *Boots* v. *Canine,* 94 Ind. 408; *Baltimore, etc., R. W. Co.* v. *Evarts,* 112 Ind. 533, and authorities cited.

As the judgment in the former action was absolutely void for the want of jurisdiction, it did not conclude either of the parties. *Curtis* v. *Gooding,* 99 Ind. 45, and authorities cited.

The utmost force that can be attributed to the complaint and judgment in the nugatory action of the appellee is, that they constitute a very strong admission, but beyond this they have no force. The fact that the appellee at one time was willing to accept two thousand dollars is not conclusive evidence that his services were not worth $3,114, the amount awarded him by the judgment of the court. *Miller* v. *Beal,* 26 Ind. 234.

Judgment affirmed.

Filed Nov. 27, 1888.