The Louisville, New Albany and Chicago Railway Co. *v.* Kane *et al.*

No. 13,801.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAIL-
WAY COMPANY *v.* KANE, ET AL.

BILL OF EXCEPTIONS.—*Must be Signed by Judge.*—A bill of exceptions
which is not signed or attested by the judge is without force.

SPECIAL VERDICT.—*Must be Requested.*—Where a party submits to the court
the form of a special verdict and asks that it be placed before the jury,
but does not request that a special verdict be returned, the court does
not err in refusing to submit the paper to the jury.

NEW TRIAL.—*Inconsistency between Verdict and Interrogatories.*—Inconsist-
ency between the general verdict and the answers to interrogatories is
not a cause for a new trial.

VERDICT.—*Support of Evidence.*—*Answers to Interrogatories.*—Answers of the
jury to interrogatories can not be used to determine whether the ver-
dict is supported by the evidence, where the evidence is not in the rec-
ord.

INTERROGATORIES TO JURY.—*Definite Answer.*—*Refusal to Require.*—It is
not error to refuse to require the jury to give a more definite answer
to an interrogatory, where the answers to other interrogatories cover
the subject.

From the Madison Circuit Court.

*G. W. Friedley* and *G. R. Eldridge,* for appellant.

*C. L. Henry, H. C. Ryan* and *H. D. Thompson,* for appel-
lees.

ELLIOTT, C. J.—This action was brought by the appel-
lees to recover for services rendered the appellant as attor-
neys.   There is no bill of exceptions containing the evi-
dence, and many of the questions discussed by appellant's
counsel are not presented by the record.   There is in the
record a paper purporting to be the stenographer's report of
the evidence, but it is not signed or attested by the judge,
and is, therefore, entirely without force.   The judge recites,
in a separate paper, that special bills of exceptions and a
general one were presented to him, and that he signs them,
but the general bill is not signed. · There was not, it is ob-

vious, a compliance with the law.    *Wagoner* v. *Wilson*, 108 Ind. 210; *Stone* v. *Brown*, 116 Ind. 78; *Colt* v. *McConnell*, 116 Ind. 249.

The appellant submitted to the court the form of a special verdict, and asked that it be placed before the jury, but did not request that a special verdict be returned. The court did not err in refusing to submit the paper prepared by the appellant to the jury. If the appellant had demanded a special verdict a very different question would be presented.

Inconsistency between the general verdict and the answers to interrogatories is not a cause for a new trial, nor can the answers be used to determine whether the verdict is supported by the evidence in a case where the evidence is not in the record.    *North- Western, etc., Ins. Co.* v. *Blankenship*, 94 Ind. 535, 548 ; *Stockton* v. *Stockton*, 40 Ind. 225, 228 ; *Tucker* v. *Conrad*, 103 Ind. 349; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88, 96.

No harm was done the appellant by refusing to require the jury to give a more definite answer to the twenty-sixth interrogatory propounded by the appellant. Answers to other interrogatories very fully covered the matters referred to in the twenty-sixth interrogatory. If the court erred at all, and we are inclined to think it did err, it was in allowing that interrogatory to go to the jury. It is not the object of the statute to permit many interrogatories to go to the jury, and certainly not to permit the repetition of questions. The statute was designed to elicit material facts, not mere items of evidence. It was not intended that interrogatories should be employed to harass or confuse jurors; but the purpose of the statute is to elicit the facts, so that the court may pronounce judgment upon them.

There is no material inconsistency between the answers to the interrogatories and the general verdict.

Judgment affirmed.

Filed Sept. 17, 1889.