No. 26.

## HEINEY, EXECUTOR, v. GARRETSON.

INTERROGATORIES TO JURY.—*Jury Not Required to Find Items of Evidence.*— In an action against an estate for services rendered in loaning, collecting and disbursing decedent's money, covering a period of thirteen years, it is not error for the court to refuse to require the jury to find, specially, the number of days the plaintiff worked for the decedent each year, how much his services were worth each year, how many loans, collections and renewals he made, with amounts and names, since it is the intention of the statute that the jury may be required to find only material and substantial facts, and not items of evidence.

SAME.—*Instruction.*—The court may properly instruct the jury that in answering interrogatories they should give their recollection of the facts proven.

APPELLATE COURT.—*Practice.*—*Refusal of Instruction.*—*Record.*—The refusal of an instruction requested can not be assigned as error where the record does not show that the instruction was requested.

SAME.—*Venire de Novo.*—*Overruling Motion.*—*Independent Error.*—The overruling of a motion for a *venire de novo* presents no question on appeal, unless it is assigned as independent error.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, C. W. Watkins* and *B. M. Cobb,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

NEW, C. J.—This suit was brought by the appellee as a claim against the estate of John Fulton, deceased, Benjamin F. Heiney, the appellant, being the executor.

The claim, or complaint, is a common count for services rendered the decedent, from January, 1874, to May, 1887, in loaning, collecting and disbursing the moneys of the decedent, and exercising full supervision of all the principal transactions of the latter; also, for care and attention given by the appellee and wife to the decedent in his last sickness, and for money laid out and expended, and provisions furnished at that time by the appellee to the decedent, the whole amount claimed being $1,214.55.

Answers of set-off, payment and the statute of limitations were filed, to which the appellee replied by a general denial.

The cause was submitted to a jury for trial, and verdict returned in favor of the appellee for $634.30.

Motions for a *venire de novo* and a new trial were made in the order named by the appellant, overruled and exceptions reserved.

. Judgment was then entered in favor of the appellee in conformity with the verdict.

Of the errors assigned by the appellant, the only one discussed is the overruling of his motion for a new trial, and to that, therefore, we limit our attention.

Forty-four interrogatories were, at the request of the appellant, submitted to the jury by the court, with instructions to answer the same if they should return a general verdict. The jury returned a general verdict, and with it answers to each of the interrogatories. Before the general verdict was received the appellant moved the court to require the jury to return to their room and answer each of said interrogatories more specifically, which motion was overruled and exceptions taken.

The period over which the appellee's services extended in loaning, collecting, disbursing and exercising supervision generally over the moneys and financial transactions of the decedent was thirteen years.

As to each of these years three interrogatories were propounded, calling for the number of days the appellee worked for the decedent, how much his services were worth, how many loans he made, with amounts and names, and how many collections and renewals he made, with amounts and names.

To these interrogatories the jury made answer, with but little exception, that they had no evidence as to the number of days worked by the appellee for the decedent; that his services were worth fifty dollars per year; that they could not remember the dates and amounts of loans made, nor the

names of persons to whom loans were made for each year, nor the names and amounts of renewals for each year.

It will be observed that, by these interrogatories, the jury were requested to answer definitely and specifically as to the matters inquired about for each year, separate and distinct from the years preceding or following that particular year.

If all the interrogatories had been answered as fully and circumstantially as requested, it would have brought into the record very largely evidence, rather than material and substantial facts.

The law does not mean that interrogatories shall be submitted calling for a finding upon mere items of evidence, for, if this were the intention of the statute, it would be in the power of the parties to compel the jury to rehearse the entire evidence. What the statute declares and intends is that the jury may be required to find material and substantial facts. *Louisville, etc., R. W. Co.* v. *Hubbard,* 116 Ind. 193; *Schnurr* v. *Stults,* 119 Ind. 429; *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544; *Blacker* v. *Slown,* 114 Ind. 322.

The answering of so many interrogatories in the limited and restricted manner requested could hardly fail to be confusing and embarrassing to the average jury.

While it is the imperative duty of the court to see that definite and direct answers are given, without evasion, by the jury, to interrogatories fairly and properly propounded to them, it is the duty of the court, as well, not to permit the jury to be confused and embarrassed by a great number of unfair interrogatories. The interrogatories should be clear and as few in number as will elicit the material facts. *Louisville, etc., R. W. Co.* v. *Hubbard, supra.*

In the case just cited forty-seven interrogatories were propounded.

In the case of *Manning* v. *Gasharie,* 27 Ind. 399, thirty-five interrogatories were put to the jury. The court, in commenting upon the character and number of the inter-

rogatories, said that " The statute was intended to provide a proper means of securing a fair trial and a proper verdict, and should not be used for the purpose of confounding, confusing or misleading the jury." See, also, *Louisville, etc., R. W. Co.* v. *Cauley,* 119 Ind. 142; *Ward* v. *Busack,* 46 Wis. 407.

We do not think it remarkable, that, for a period of time covering so many years and transactions, the jury were not able to remember dates, amounts and names, with sufficient certainty to answer definitely as to each particular year; and, therefore, we would not be justified in treating the answers, made in the respects indicated, as intentionally or carelessly evasive.

For the reasons given, we do not think that the court erred in refusing to require the jury to answer further.

One of the grounds assigned for a new trial was, that the court said to the jury that they might, in answer to the interrogatories propounded to them, say " that they could not remember." We have carefully examined the record and do not find where the court so addressed or instructed the jury. The court said to the jury that in answering the interrogatories they should give their recollection of the facts proven. There was nothing in this that could harm the appellant.

It is assigned as one of the grounds for a new trial that the court erred in refusing to give an instruction to the jury, asked by the appellant, as follows:

" I instruct you that it is the law that before you can find for the plaintiff in this cause, you must find that he has established the fact that he did service for the decedent, John Fulton, and that it was of service, and you must find on the evidence the value of that service, and you can not guess at the same, but you must be guided by the evidence alone in fixing the value of such service."

It is not shown by the record that this instruction was asked by the appellant.

The only instruction tendered by the appellant, as shown by the record, reads as follows :

" I instruct you that although you may find that plaintiff was employed by the decedent to do the service which he alleges he did perform, yet he must establish by evidence what that service is worth, and I instruct you that unless he has so established by evidence the value of such services, you can not guess at it. You can not say what it is worth unless there is evidence given on the trial as to what it is worth, and the mere fact that you may believe it to be of some value will not warrant you to guess at its value."

This instruction the court refused to give, but the refusal to give it has not been assigned as a ground for a new trial, and therefore we are not required to consider the action of the court in that regard.

The instructions given by the court on its own motion to the jury covered the issues in the case fully, and were not objected to by the appellant.

The overruling of appellant's motion for a *venire de novo* is assigned as a ground for a new trial. The overruling of that motion presents no question in this court, unless the overruling of the motion is assigned as independent error. See 1 Works Practice, p. 624, and cases there cited. It has not been so assigned ; but even if it had been, the purpose of the motion could not be accomplished thereby.

When the general verdict is in proper form, a motion for a *venire de novo* will not call in question the sufficiency of answers made to interrogatories. *Bedford, etc., R. R. Co.* v. *Rainbolt,* 99 Ind. 551 ; *Hereth* v. *Hereth,* 100 Ind. 35 ; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225 ; *Dockerty* v. *Hutson,* 125 Ind. 102.

We are asked to reverse the judgment upon the ground that the verdict of the jury is not sustained by sufficient evidence, and because the damages assessed are excessive.

There is evidence in the record tending to support the verdict in all essential respects, and, therefore, under a rule

which is well settled, we can not disturb the judgment of the court below.

Judgment affirmed, with costs.

Filed May 29, 1891.