McCullough, Administrator, *v.* Martin.

Filed Feb. 8, 1895.

———————◆———————

No. 792.

## McCullough, Administrator, *v.* Martin.

Interrogatories to Jury.—*Calling for Facts Which Must Necessarily be Answered by General Verdict.*—It is not error to refuse to submit interrogatories to the jury, which call for facts which must necessarily be answered by a general finding or verdict, for the only purpose of interrogatories is to test the correctness of the general verdict.

Same.—*What Facts May Be Elucidated by.*—"*Particular Question of Fact," Meaning of.*—In the section of the statute requiring the court to submit interrogatories to the jury, to be answered if it return a general verdict, calling for particular questions of fact, by "particular questions of fact," something less than an issue in the case is intended.

Same.—*Interrogatory Preliminary to Others.*—*When Not Excluded.*—An interrogatory preliminary to other interrogatories and necessary in order to form a basis for propounding them will not be excluded, although it would be insufficient if not standing in that relation.

Same.—*Joint Assignment of Error.*—Where the refusals to submit three interrogatories are assigned jointly as a cause for a new trial, if either of such interrogatories are improper the assignment will be unavailing.

From the Orange Circuit Court.

*D. M. Alspaugh, J. C. Lawler, W. Farrell* and *C. L. Jewett,* for appellant.

*S. H. Mitchell, R. B. Mitchell, J. A. Zaring* and *M. B. Hottel,* for appellee.

LOTZ, J.—This action was based upon a promissory note filed by the appellee as a claim against the estate of appellant's decedent. The note bore date of February 27, 1889, and was due in sixteen months after date.

The claim was rejected and transferred to the issue docket for trial. No formal answer was filed, but the appellant relied upon the defense as allowed by the statute. A trial by jury resulted in a verdict for appellee in the sum of $2,297.80, upon which final judgment was rendered.

The appellant sought to defeat the claim on the ground (1) that the note was a forgery; (2) that it was without any consideration, and gave evidence which tended to support these defenses.

A motion for a new trial was overruled. This ruling is the only error assigned in this court. It is first insisted that the verdict is not sustained by the evidence. We have examined the evidence and find it conflicting on many of the material points. This court will not weigh it under such circumstances. The next cause for a new trial discussed by counsel is in the words: "(5) The court erred in refusing to submit to the jury and to require the jury to answer and return with their general verdict interrogatories numbered one, two and three, as propounded and requested by said defendant." The interrogatories asked and refused by the court are as follows:

"(1) Was the note in suit executed by Edmund W. Martin, the deceased?

"(2) If you answer the foregoing interrogatory in the affirmative, was said note intended by said Edmund W. Martin as a gift to the plaintiff?

"(3) If you answer the first interrogative in the affirmative, state whether the note in suit was executed by Edmund W. Martin, deceased, and received by plaintiff

McCullough, Administrator, *v.* Martin.

as a gift from Edmund W. Martin, deceased, to be paid out of the estate of Edmund W. Martin after his death."

By section 555, R. S. 1894 (section 546, R. S. 1881), it is provided that in all cases when requested by either party the court shall require the jury, if it return a general verdict, to find specially upon particular questions of fact, to be stated in writing. By "particular questions of fact" something less than an issue in the case is intended. These particular facts should be pertinent to, and involved in, the issues, and such as are impliedly covered by the general verdict. The purpose of such special findings is to test the correctness of the general verdict. *Manning* v. *Gasharie*, 27 Ind. 399 (409); *Blacker* v. *Slown*, 114 Ind. 322.

It may be conceded that in a proper case it is the duty of the trial court to submit interrogatories to the jury, and that a refusal so to do is reversible error. *Clegg* v. *Waterbury*, 88 Ind. 21; *Campbell* v. *Frankem*, 65 Ind. 591; *Miller, Admr.,* v. *White River School Tp.,* 101 Ind. 503.

But if the interrogatories requested will be sufficiently answered by the general verdict, it is not error to refuse them. *Uhl* v. *Harvey*, 78 Ind. 26 (29).

A general verdict covers all the issues in the case. The issues in this case were, first, the execution of the note, and the execution included delivery to the payee. The burden of establishing this issue rested upon the claimant. *Ruddell* v. *Tyner, Admr.*, 87 Ind. 529.

This issue included the question of forgery raised by the defendant.

The second issue was want of consideration.

The note itself contained these words, "I promise to pay." These words of themselves imported a consideration. The burden of establishing want of consideration rested upon the appellant. Going back to the time

when the interrogatories were presented in the trial court, the appellant realizing that a general verdict might be rendered against him, endeavored to test its correctness by interrogatories. A general verdict for the defendant would mean either that the note was not executed, or, if executed, that it was without consideration. A general verdict for the plaintiff would mean that the deceased did execute the note upon a valid consideration.

The first interrogatory inquired for a fact upon which the right of recovery depended. It was fully covered by, and would be answered by the general verdict. *Uhl* v. *Harvey, supra.*

It is, however, insisted that it is but preliminary to the other interrogatories; that it is necessary in order to form a basis for propounding them, and that it would be an extremely technical holding to exclude it under such circumstances. We are inclined to agree with this contention. But are the other interrogatories proper? Interrogatory number two inquires whether or not the note was intended as a gift by the maker. A promissory note is but a promise to pay money in the future, and if executed purely as a gift it is without consideration. It is then but a promise to make a gift and the gift is not completed until the note is paid.

While it is executory the promisor has the right to repent, reconsider and withdraw his promise. *West* v. *Cavins, Exr.*, 74 Ind. 265; *Johnston* v. *Griest*, 85 Ind. 503; *Gammon, etc., Seminary* v. *Robbins*, 128 Ind. 85 (93). As such a note is without consideration and incapable of enforcement and may be revoked at any time before payment, the death of the maker works a revocation. This interrogatory asked for a fact within the issues not covered by the general verdict. It was a proper interrogatory and should have been given. If it should be answered in the affirmative, that answer would put an

end to the controversy; the note being a gift could not be enforced. If it should be answered in the negative there would be no necessity for any further inquiry upon the subject of a gift. If it should be determined that the note was not a gift the time when it should be paid whether before or after the death of the maker was wholly immaterial. Interrogatory number three was therefore improper because every fact bearing upon the subject of a gift and necessary for the. determination of this phase of the case was included in and covered by interrogatory number two.

But it was improper for another reason. It calls for facts which relate to a change in the terms of the note or contract itself. A reformation or change in the terms of the note could only be obtained by asking affirmative relief and this the appellant must have specially pleaded by way of counter-claim. The note by its terms was due and payable in sixteen months after its date. No evidence was legitimately admissible under the issues that would vary its terms and make it payable after the death or out of the estate of the maker, nor was there any evidence given tending to show such facts. This interrogatory was clearly improper. The first and second were proper and the third improper.

In the motion for a new trial the refusal to give the three interrogatories is included in one joint assignment. It has become the established practice in this State that where error is sought to be predicated upon the wrongful action of a court, the wrongful action must be distinctly pointed out and separated from any rightful action. If the wrongful action be joined with the rightful action the assignment of error will be insufficient to present any question as to the sufficiency of the ruling of the court. This is upon the theory that an assignment is an entirety, and if good in one respect it is not avail-

able to secure a new trial or a reversal.   This applies to rulings on demurrers to instructions given or refused, and to assignments of error in the Appellate Court.   We know of no reason why the same rule should not prevail with reference to interrogatories.   The fifth cause for a new trial was not well assigned.

It is also insisted that the court erred in giving on its own motion certain instructions and in refusing to give certain ones asked by appellant.   We have examined all with care, and think the instructions given by the court covered all the essential features of the case, and were as favorable to the appellant as he was entitled to under the evidence.

We find no reversible error in the record.   Judgment affirmed.

Filed Feb. 20, 1895.