Helton v. Wells.

Filed May 28, 1895.

———————◆———————

No. 1,596.

HELTON v. WELLS.

PLEADING.—*Failure to Reply to Affirmative Answer.*—*Issue.*—A failure to reply to an affirmative paragraph of answer does not amount to a confession of the facts therein pleaded. Proceeding to trial without a reply, in such case, amounts to a waiver of the same, and the answer will be taken as denied.

INTERROGATORIES TO JURY.—*When Error to Refuse.*—*Due Bill.*—*Partnership.*—In an action on a due bill payable out of the net earnings of the partnership business, it was error to refuse to submit interrogatories as to the amount of the receipts of the firm and as to the firm expenses.

SAME.—*When Error to Refuse to Submit.*—If interrogatories submitted are in proper form, and are submitted at the proper time, and are material to the issues involved, and have not been covered by other interrogatories submitted by the court, it is error to refuse them.

From the Monroe Circuit Court.

Helton *v.* Wells.

*J. H. Louden* and *T. J. Louden,* for appellant.
*J. R. East* and *R. G. Miller,* for appellee.

REINHARD, C. J.—The appellee avers, in the first paragraph of his complaint, which is the only one remaining in the record, that prior to the first day of February, 1894, he was the owner of a stock of goods and restaurant fixtures in Bloomington of the value of $929; that on said day he and the appellant entered into a partnership as equal partners in the restaurant business and the appellant purchased of him one-half of said goods and fixtures for the sum of $464.50, and agreed to pay for the same as follows: Appellant assumed to pay one-half of the then existing indebtedness against the appellee for such stock and fixtures, total indebtedness at that time amounting to $377, the one-half being $188.50, which amount was credited on said purchase price; the appellant then paid in cash $100 and executed his due bill to appellee for the remainder of $176; that a copy of said due bill is filed herewith and marked "Exhibit A" and made part hereof; that it was provided in said due bill that said amount should be paid from the profits arising from said partnership, which was dissolved on the 24th day of July, 1894, the appellant becoming the owner of the entire business and assuming the indebtedness of the firm; that during the existence of the partnership the profits arising therefrom were $700, and that the appellant received such profits and has ever since refused to apply them on the payment of said due bill, which is wholly due and unpaid. Wherefore, etc.

The instrument sued on in the foregoing complaint is as follows:

"BLOOMINGTON, IND., Feb. 3, 1894.

"Due M. D. Wells, on account, one hundred and seventy-six dollars ($176), balance of purchase-money

Helton *v.* Wells.

on Acorn Cafe.   The above amount is to be made out of the business.            (Sig.)      A. K. HELTON.''

The court overruled a demurrer to this complaint and the ruling is assigned as error.   The only attack made upon the complaint is in the appellant's supersedeas brief, where it is suggested that it should have averred the payment of the debts of the firm.   This was not necessary.   The suit was not for an accounting between partners, nor for a portion of the profits, as the appellant contends.   The action is upon a promissory note, or due bill, and the averment that it was to be paid out of the profits of the concern does not render the complaint bad, since it is also averred that the profits amounted to $700.·

The appellant answered in five paragraphs, the first of which was the general denial and the second an answer of payment.   The appellee demurred to the third, fourth and fifth paragraphs of the answer.   The demurrer was overruled and the appellant was ruled to reply.   The appellant filed a reply in two paragraphs.   The first paragraph was addressed to the second, third, and fourth paragraphs of the answer, and the second paragraph was addressed to the fourth paragraph of the answer.   There appears to have been no reply to the fifth paragraph of the answer, which denied that the appellant was a partner of the appellee and set up certain affirmative matters.   The appellant contends that the failure of the appellee to reply to the fifth paragraph of the answer must be taken as an admission of the facts therein alleged, and that as these are sufficient to defeat the action, if true, the jury could not properly find that there was anything due the appellee.   This point is made in connection with the discussion of the alleged error of overruling the motion for a new trial, the causes assigned being that the verdict is contrary to law and is not sustained by sufficient

evidence. Subsequently the second and third paragraphs of the answer were withdrawn, leaving only the first and fifth paragraphs in the record. It is insisted by appellee's counsel that the fifth paragraph of the answer was but an argumentative denial and needed no reply. Assuming, however, that this pleading amounted to an affirmative answer, we do not think the failure to reply to it amounted to an admission of the facts therein pleaded. On the other hand, we think when the appellant went to trial without a reply to this answer, he waived the same and it was taken as denied. *Breidert* v. *Krueger*, 92 Ind. 142; *Buchanan* v. *Berkshire Life Ins. Co.*, 96 Ind. 510; *June* v. *Payne*, 107 Ind. 307; *Purple* v. *Farrington*, 119 Ind. 164; *Havens* v. *Gard*, 131 Ind. 522; *Young* v. *Gentis*, 7 Ind. App. 199.

The appellant, at the proper time, requested the court to submit to the jury certain interrogatories to be answered by them in case they found a general verdict. The interrogatories are as follows:

"1. What was the amount of the receipts of Wells & Helton?

"2. What was the amount of the expenses of the firm?

"3. Has the firm been dissolved?

"4. Have all the debts of the firm been paid?"

The refusal to submit each of these interrogatories is assigned as a cause for a new trial. We think the first and second interrogatories are pertinent to the issues and should have been given. The sum promised in the due bill was to be paid out of the profits of the firm of Wells & Helton. These profits could be ascertained only by finding the receipts and expenses and taking the difference between them. Both the receipts and expenditures were involved in the issues submitted for trial to the jury and the appellant had a right to a finding upon each of

such facts in the manner requested by him. When interrogatories, submitted in proper form and at the proper time, are material to the issues involved in the trial, and have not been covered by other interrogatories submitted by the court, it is error to refuse them. *Clegg* v. *Waterbury*, 88 Ind. 21.

The appellee's counsel have not favored us, in their able brief, with any argument in support of the ruling of the trial court upon this question, but have entirely ignored it. We know of no reason for refusing to submit these interrogatories. We think the third and fourth interrogatories were properly refused. As before stated, this is not an action for an accounting, and hence it is immaterial whether there has been a dissolution or a payment of all the debts. Whenever sufficient profits had been made out of the business by the appellant to pay the due bill, it was his duty to do so, whether the debts had actually been paid and the partnership dissolved or not.

For the error of refusing to submit the first and second interrogatories, the appellant was entitled to a new trial.

Judgment reversed.

Filed May 28, 1895.