NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
*v.* SHRINER.

[No. 29,795.   Filed May 1, 1959.   Rehearing denied
July 2, 1959.]

*Batton, Harker and Rauch,* of Marion, *Walter B. Keaton,* of Rushville, *Harker, Irwin and Campbell,* of Frankfort, and *Clay Marsteller,* of counsel, of Cleveland, Ohio, for appellant.

*James S. Shepard,* of Liberty, *Himelick & Himelick,* of Connersville, *Earnest & Foster, James S. Foster, Kenneth L. Earnest,* of Rushville, *James V. Donadio, R. Stanley Lawton, George B. Gavit* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

ACHOR, J.—This is an action to recover for personal injuries alleged to have been sustained by appellee in a collision between an automobile in which appellee was riding and a railroad train operated by appellant. Upon trial by jury a verdict for appellee for $13,000 was returned. Appellant's motion for new trial was overruled and the court rendered judgment on the verdict.

The basic facts in the case are as follows: A cut of cars was being pushed slowly towards the crossing. The automobile in which appellee was riding collided with the front end of the leading boxcar.

Failure to give any signal was one of several alleged acts of negligence placed in issue by appellee's complaint. The evidence is in conflict as to whether appellant's brakeman was flagging the crossing with a

lighted lantern, and upon other issues raised by the pleadings.

Among the errors assigned and here argued on appeal are the refusal of the court to submit seven interrogatories to the jury as requested by appellant. Without reciting them, we merely state that certain of the interrogatories pertained to material facts and that the answers thereto, if given, might have controlled the decision as to certain of the specifically alleged acts of negligence which constituted the issues in the case.

It is appellee's position that notwithstanding the fact that the interrogatories were in themselves proper, the court's refusal to submit them to the jury did not constitute reversible error. In support of this position appellee relies first upon the fact, as stated by this court, that "The submission of interrogatories to the jury is under the supervision of the trial court, and it is only when an abuse of discretion is shown will this court interfere with that court's action." *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 148, 125 N. E. 193.

Secondly, appellee relies upon the case of *Tate* v. *West* (1950), 120 Ind. App. 519, 526, 94 N. E. 2d 371, 374, which, among other things, holds that when answers to interrogatories, proper in themselves, could not have controlled the general verdict there is no available error in refusing them.

Relying upon the above decision, appellee asserts that none of the interrogatories here submitted could have controlled the general verdict; and in this we agree, since they did not cover all the alleged acts of negligence, nor establish contributory negligence as a matter of law.

However, in contradiction of the above proposition, appellant contends that the refusal of the court to submit the tendered interrogatories was an abuse of discretion within the meaning of the *Prickett* case, *supra,* and that the case of *Tate* v. *West, supra,* does not correctly state the law. The basic question presented upon this issue is whether to constitute reversible error because of the refusal to submit a proper interrogatory, the interrogatory must be such as to control (1) an issue in the cause or (2) the general verdict. Where there is only one issue in a cause there is no question. However, where there are multiple issues or theories of action involved in the same cause, a real problem is presented. The right to submit interrogatories is controlled by statute.[1] Therefore, in deciding the question here presented, it is necessary that we analyze the statute, consider its purpose and examine the numerous reported cases which provide precedent for its application.

One of the express purposes of the statute is to enable the parties to require that the general verdict conform to the special finding of facts. Accordingly, the statute and all the supporting cases hold that when answers to interrogatories are *given* and *the answers thereto exclude every conclusion authorizing recovery* by the party who has the general verdict, judgment should be entered upon such answers, notwithstanding the general verdict.[2]

However, the cases are in marked confusion and conflict under circumstances, where as in this case the interrogatories were in proper form but were *refused* by the court, and the special finding of facts

---

1.  §2-2022, Burns' 1946 Repl. [Acts 1897, ch. 85, §1, p. 128.]
2.  §2-2023, Burns' 1946 Repl. [Acts 1881 (Spec. Sess.), ch. 38, §390, p. 240.]

might have controlled a *single issue* in the case but would not necessarily have controlled the *general verdict*. In the following cases this court has stated that *refusal* under such circumstances does not constitute reversible error. *Tate* v. *West, supra,* 120 Ind. App. 519; *Pittsburgh, Cincinnati and St. Louis Railroad Company* v. *Noel* (1881), 77 Ind. 110, 120; *Shular* v. *The State* (1886), 105 Ind. 289, 4 N. E. 870. However, there is an equally formidable line of decisions which hold that it is the duty of the court to submit proper interrogatories "on any or all the issues in the cause," as provided by the statute.[3]

Furthermore, in numerous cases, this court has held that it is reversible error for the court to refuse to submit such interrogatories. As stated in 3 Lowe's Revision of Works' Indiana Practice and Pleading, §56.14, p. 505, our courts have held that,

> "The statute is mandatory, and when proper interrogatories are timely requested to be submitted to the jury, it is the duty of the court to submit them, and the refusal of the court to do so is reversible error if they are not covered by other interrogatories and a verdict is given against the party requesting them . . . ."

*Noble* v. *Enos* (1862), 19 Ind. 72, 82; *Campbell* v. *Frankem* (1879), 65 Ind. 591, 594; *Todd* v. *Fenton* (1879), 66 Ind. 25, 28; *Clegg* v. *Waterbury* (1882), 88 Ind. 21, 23; *Miller* v. *White River School Township* (1885), 101 Ind. 503, 508; *Bower* v. *Bower* (1895), 142 Ind. 194, 207, 41 N. E. 523; *McCullough* v. *Martin* (1895), 12 Ind. App. 165, 167, 39 N. E. 905; *Helton* v. *Wells* (1895), 12 Ind. App. 605, 609, 40 N. E. 930;

3. §2-2022, Burns' 1946 Repl., *supra. Cleveland, etc. R. Co.* v. *True* (1912), 53 Ind. App. 156, 100 N. E. 22; *Ft. Wayne etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 116 N. E. 309; *Helton* v. *Wells* (1895), 12 Ind. App. 605, 40 N. E. 930; 3 Lowe's Revision of Works' Practice & Pleading, §56.14, p. 505.

*Pennsylvania Co.* v. *Hunsley* (1899), 23 Ind. App. 37, 50, 54 N. E. 1071; *Cleveland, etc. R. Co.* v. *True* (1913), 53 Ind. App. 156, 162, 100 N. E. 22; *Ft. Wayne Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 544, 116 N. E. 309; *Evansville, etc. R. Co.* v. *Scott* (1918), 67 Ind. App. 121, 114 N. E. 649.

In other cases our courts have declined to reverse because of the refusal to submit interrogatories on the ground that they could have had "no influence"— "no effect"—"no prejudicial results," etc., upon the general verdict. *The Louisville, New Albany and Chicago Railway Company* v. *Pedigo* (1886), 108 Ind. 481, 8 N. E. 627; *Raymond et al.* v. *Wathen et al.* (1895), 142 Ind. 367, 41 N. E. 815; *Bosworth* v. *Barker* (1879), 65 Ind. 595; *North Western Mutual Life Insurance Company* v. *Heimann* (1884), 93 Ind. 24; *Uhl* v. *Harvey* (1881), 78 Ind. 26; *House* v. *McKinney* (1876), 54 Ind. 240.

This confused state of the decisions impels a re-examination and restatement of the law. In doing so, it seems elemental that the proper place to begin is with the statute itself, which authorizes the procedure. The statute expressly provides:

> "In all actions hereinafter tried by a jury, . . . when requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause, . . ." §2-2022, Burns' 1946 Repl. [Acts 1897, ch. 85, §1, p. 128.]

The above statute, by the use of the term "the court shall instruct," makes it the mandatory duty of the court to submit "upon particular questions of fact" interrogatories "on *any* or *all issues* in the cause."

True, the next section of the statute [§2-2023] provides that, "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter. . . ." However, this provision of the statute does not purport to require that as a condition to the right to employ any interrogatory, the interrogatory must be controlling of the general verdict. The latter section merely provides that when there is irreconcilable conflict, then the special finding shall control. The latter section does not purport to limit the use of interrogatories to the control of the general verdict. Thus it would seem to follow that the legislative purpose of the act is to permit finding of facts on questions which are determinative of *any or all the issues in the cause.* Such finding may or may not be controlling of the general verdict.

The question presented then is, when may the court properly refuse to submit interrogatories? Obviously their use must be restricted so that they do not by their great numbers confuse the issues rather than simplify them. They must call for facts and not the evidence of facts.[4] They must be "on the issues in the cause." They must relate to material questions of fact.[5] They must be "on the issues in the cause." [§2-2022.] And, since for these reasons the court must be granted broad discretion in their use, for their refusal to constitute reversible error it must appear that the finding regarding such facts have a decisive or controlling affect regarding one or more

---

4. "Interrogatories must call for facts and not the evidence of the facts. Interrogatories which call merely for items of evidence should not be submitted to the jury. The rule is also applicable to what are known as 'evidentiary facts.' " 3 Lowe's Works' Indiana Practice, §56.8, p. 500.

5. *O. M. Cockrum* v. *Klein* (1905), 165 Ind. 627, 74 N. E. 529; *Heiney* v. *Garretson* (1891), 1 Ind. App. 548, 27 N. E. 989.

of the issues raised by the pleadings and supported by evidence. *The Louisville, New Albany and Chicago Railway Co.* v. *Hubbard* (1888), 116 Ind. 193, 196, 197, 18 N. E. 611; *The Louisville, New Albany and Chicago Railway Co.* v. *Kane et al.* (1889), 120 Ind. 140, 141, 22 N. E. 80; *Heiney* v. *Garretson* (1891), 1 Ind. App. 548, 550, 27 N. E. 989.

Only by use of interrogatories in this manner, can the parties and the court on motion for new trial in cases involving a multiplicity of issues or theories, determine upon what issues, or upon what theory, the case was decided by the jury, and whether within this restricted area the decision is sustained by the law and the evidence.[6] Furthermore, there are instances where, only by the use of such interrogatories, this court can, on appeal, determine the basis of law and fact upon which the case was decided. Under the statute the appellants were entitled to use interrogatories for this purpose and the giving of such interrogatories on request became the mandatory duty of the court. Therefore, the court's denial of such interrogatories, which were controlling of issues specifically raised by the pleading and supported by evidence, was an abuse of discretion.

Accordingly, we hold that it was error for the court to refuse to submit those interrogatories requested by appellant which were controlling of issues raised by the pleadings and supported by evidence. Furthermore, those cases which contain

6. ". . . In reaching a general verdict, the jury takes the law from the instructions of the court and applies that law to the facts, as it finds them to be, in formulating its final conclusion. But the jury may misunderstand the court's instruction or erroneously apply the law so given it. As a check on these entirely human errors, the court may submit interrogatories to the jury to discover what facts the jury did find from the evidence, so that it may apply the law to the facts so found. . . ." *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 458, 33 N. E. 2d 353.

language to the effect that there is no available error in refusing proper interrogatories which could control specific issues in the case but would not control the general verdict, are hereby disapproved.

Judgment reversed.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

## ON PETITION FOR REHEARING

ACHOR, C. J.—Appellee by petition for rehearing asserts that the opinion as written failed to consider the fact that "Not one of the seven interrogatories tendered in this case could have had '. . . a decisive or controlling effect regarding one or more of the issues raised by the pleadings and supported by the evidence.'" Appellee asserts that for this reason the trial court's refusal to submit these interrogatories to the jury was not an abuse of discretion, and therefor that under the test stated in the opinion the judgment should have been sustained.

The original opinion decided the issue now asserted but without supporting discussion. We therefore give consideration to this issue as it is presented by interrogatory No. 1, since, under the opinion as written, it is decisive of the appeal. The interrogatory is related to the issue as to whether the appellee had a flagman at the crossing at Eastern Avenue to warn travelers of the approach of trains. This issue was raised by the following pleadings.

The third paragraph of the amended complaint alleged that the train was backed "without having any flagman on Eastern Avenue to warn automobile traffic of approaching trains . . . or of giving any signal of any kind whatever." The fifth paragraph of the amended complaint alleged that,

"At the time of said collision there was in full force and effect in the City of Connersville, Indiana the following City Ordinance, to-wit:

"Section 1.   'That it shall be unlawful for any railroad company to run any locomotive, or car, across Mill Street, at the South end of Central Avenue and Fifth Street in said city at the Points where the tracks of the Cleveland, Cincinnati, Chicago & St. Louis railway crosses said streets; or Eastern Avenue in said city where the tracks of the Lake Erie & Western railroad crosses said avenue, without a flagman stationed and maintained at crossings to warn travelers on said streets of the approach of locomotives and cars.

" 'Any railroad company violating any part of section 1 of this ordinance shall, on conviction thereof forfeit and pay to the City of Connersville any sum not exceeding five dollars for each offence.'

"The Lake Erie & Western railroad mentioned in said ordinance is now owned and operated by the defendant."

The evidence regarding this issue is in marked conflict.   Appellant's witnesses testified that a flagman "walked out to the middle of the street to flag Eastern Avenue" and while he "was flagging the crossing . . . in the center of the street," he also signaled for the train "to proceed on south . . . across Eastern Avenue." On the other hand appellee's testimony is that he "did not see any flagman with a lantern or without any lantern . . . signaling the traffic."   The interrogatory was as follows:

"As the train backed into Eastern Avenue, was there an employee of said defendant, the New York, Chicago, & St. Louis Railroad Company, in view waving a lantern?"

Appellee asserts that the interrogatory is ambiguous and that because of this ambiguity it cannot be said

that the interrogatory was controlling of any issue and therefore that it was properly rejected within the rule announced in the original opinion.

However, when the interrogatory is considered in conjunction with the pleadings as above set out and the evidence to which it is related we believe there would be no misunderstanding regarding the import of the question of fact propounded.

Given a reasonable construction, an answer to the interrogatory would have been controlling of the issue as presented by the pleadings above quoted. It was within the scope of the evidence and therefore it was error for the court to refuse it.

The petition for rehearing is denied, and judgment is reversed with instructions to sustain appellant's motion for new trial.

Arterburn, Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 157.
Rehearing denied in 159 N. E. 2d 574.