RANDALL PERDUE *v.* ROBBIE DELL WARD ET AL.

[No. 270A19. Filed December 21, 1970. Rehearing denied January 26, 1971. No petition for transfer filed.]

*William D. Hall,* of Indianapolis, *Charles H. Foley,* of Martinsville, for appellants.

*Snyder, Bunger, Cotner, Harrell & Robertson, Harold A. Harrell,* of Bloomington, *McNutt, Hurt & Blue,* of Martinsville, for appellees.

PER CURIAM.—This is an appeal from the Morgan Circuit Court wherein the plaintiffs-appellants, Paul and Randall Perdue, father and son, filed complaints against appellee-defendant Carl Lowe and appellee-defendant Robbie Dell Ward, seeking damages for personal injuries appellant Randall Perdue suffered as the result of a collision between appellee Lowe's automobile, in which appellant was a passenger, and the automobile of appellee Ward. Appellants' causes of action were consolidated. Appellee Lowe was defaulted. Trial was held by jury, which returned a general verdict for the appellants against appellee Lowe in the sum of $45,000, and for appellee Ward against the appellants. The trial court then entered judgment on the verdict in accordance with the findings of the jury.

Thereafter, the appellants filed their motion for new trial together with a memorandum in support thereof, which was overruled by the court. Appellants assign as error on appeal the court's overruling of the motion for new trial.

Appellants' motion for a new trial alleged one specification of error which reads as follows:

"(1) Error of law occurring at the trial as follows:
(a) The Court erred and abused its discretion in refusing to give to the Jury, at the request of the plaintiffs, their written interrogatory tendered and requested by the plaintiffs and numbered 1."

Appellants' Interrogatory No. 1, which the court refused to give, reads as follows:

"Was any part of the car driven by the defendant Robbie Dell Ward, to her left-hand side, or south of, the center of the road when the collision made the subject of this action occurred?'

Appellants do not challenge the sufficiency of the evidence; therefore, it is unnecessary to set out a summary of the pertinent evidence. The sole issue presented on this appeal is whether or not the trial court abused its discretion in refusing to give appellants' Interrogatory No. 1.

The applicable statute in effect at the time this case was tried was Ind. Stat., § 2-2022 (Burns, 1968), which reads as follows:[1]

"In all actions hereafter tried by a jury, the jury shall render a general verdict, but in all cases when requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause, and this shall be the only form of verdict submitted to or rendered by the jury in the cause: Provided, the provisions in this section shall not apply to cases in equity. These interrogatories are to be recorded with the verdict.

"Requests for interrogatories and the requested interrogatories shall be submitted to the judge at the conclusion of the evidence and prior to the settlement of instructions, and all parties shall have a right to object and to be heard thereon.

"Interrogatories must not seek evidence, but must seek ultimate facts which are material to the issues; must not call for legal opinions or conclusions; and shall be restricted so as not to confuse the issues but to simplify them. *The court shall have discretion in the giving or refusing of interrogatories, and refusal to submit interrogatories to the jury shall only constitute reversible error where there has been an abuse of discretion and the finding of ultimate fact would have been decisive or controlling of a material issue."* (Our emphasis).

The last two paragraphs of the present law were added to the former statute in 1965. Prior to the 1965 amendment the

1. Effective January 1, 1970, interrogatories to the jury were abolished. Rule TR. 49.

statute consisted solely of the first paragraph in its present form. While it would appear that the language of the prior statute placed a mandatory duty on the trial court to submit, at the request of either party, proper interrogatories to the jury, the cases were in marked conflict as to whether or not the refusal of the trial court to submit proper interrogatories constituted reversible error. In *New York, Chicago & St. Louis R.R.* v. *Shriner* (1959), 239 Ind. 626, 158 N. E. 2d 157 (rehearing denied 239 Ind. 626, at page 635, 159 N. E. 2d 574), our Supreme Court sought to resolve the conflict in the prior case law. Judge Achor aptly stated the position of the court at pages 634, 635 as follows:

> "Accordingly, we hold that it was error for the court to refuse to submit those interrogatories requested by appellant which were controlling of issues raised by the pleadings and supported by evidence. Furthermore, those cases which contain language to the effect that there is no available error in refusing proper interrogatories which could control specific issues in the case but would not control the general verdict, are hereby disapproved."

Appellants, herein, have accordingly relied heavily on the *Shriner* case, *supra,* in support of their position that the trial court's refusal was an abuse of discretion and, therefore, constituted reversible error. Appellee, however, puts forth the argument that the *Shriner* case, *supra,* is not applicable in this appeal since it was decided under the prior statute. With this argument we cannot agree. To the contrary, it appears from a careful reading of the 1965 amendment that the holding of *Shriner* was incorporated into the last two paragraphs of the amended statute. To this point we find the following statement in 2 Wiltrout Ind. Civ. Proc., Sec. 1531, page 411:

> "In New York, Chicago & St. L. R. Co. v. Shriner (1959) the Supreme Court reexamined conflicting decisions and held that it was error to refuse proper interrogatories which would not control the general verdict but might control a single issue. The decision of this case was enacted into statute by a 1965 amendment which provides that interroga-

tories 'shall be restricted so as not to confuse the issues but to simplify them. The court shall have discretion in the giving or refusing of interrogatories, and refusal to submit interrogatories to the jury shall only constitute reversible error where there has been an abuse of discretion and the finding of ultimate fact would have been decisive or controlling of a material issue.' "

Further evidence in support of this point is that this court in 1966, one year subsequent to the 1965 amendment, restated and applied the holding of *Shriner*. Chief Justice Wickens, speaking for the court in *Krohn* v. *Shidler, Admnx.* (1966), 140 Ind. App. 175, 221 N. E. 2d 817 (Transfer denied), at page 178, stated:

"Indiana cases on interrogatories were said by our Supreme Court in 1959 to be 'in marked confusion and conflict' in a case to which we shall frequently refer herein. *The New York, Chicago and St. Louis Railroad Co.* v. *Shriner* (1959), 239 Ind. 626, 630, 158 N. E. 2d 157.

"We understand the *Shriner* case, *supra*, to hold that a trial court may not refuse to submit an interrogatory which is in proper form merely because it would not necessarily have controlled the general verdict. If stated conversely, the interrogatory calls for an answer which might have controlled a *single issue* of the case, it is proper to give such interrogatory. The test Judge Achor applies in the *Shriner* case, *supra*, is emphasized by the statutory language 'on any or all issues in the cause.' Acts 1897, ch. 85, § 1, p. 128, § 2-2022, Burns' 1946 Replacement. (See 1965 Amendments for legislative clarification.)"

Thus, having established that *Shriner* is controlling insofar as construction of Burns' § 2-2022 is concerned, we must further resolve whether or not *Shriner* is applicable to the appeal before us. From a careful review of the record, we find that *Shriner* is controlling in the present case, insofar as the trial court refused to give a proper interrogatory which was controlling of a material issue. We are, therefore, constrained to hold that the trial court erred in refusing to give appellants' Interrogatory No. 1. However, our finding of error does not constitute reversible error as it

was established in the *Shriner* case. The case before this court is distinguishable from *Shriner* in that the *Shriner* case involved a multiple issue cause, whereas we are presently confronted with a one issue cause of action. Our Supreme Court reasoned in *Shriner* that only by the use of interrogatories in a multiple issues cause can the trial court on a motion for new trial or a higher court on appeal determine upon what issues or theories the case was decided by the jury. To that effect, Judge Achor, at page 634, 239 Ind. 626, stated:

> "Only by use of interrogatories in this manner, can the parties and the court on motion for new trial in cases involving a multipilicity of issues or theories, determine upon what issues, or upon what theory, the case was decided by the jury, and whether within this restricted area the decision is sustained by the law and the evidence. Furthermore, there are instances where, only by the use of such interrogatories, this court can, on appeal, determine the basis of law and fact upon which the case was decided."

Unlike *Shriner*, here we have one issue only and on appeal it is readily determinable, without the benefit of interrogatories, upon what issue or theory the jury decided the case. The single issue formed by appellants' amended complaint was whether or not either or both appellees operated their respective automobiles to their left of the centerline of the road. The jury was properly instructed as to this issue and the general verdict it reached clearly indicates an affirmative finding as to whether or not appellee Lowe was to the left of the centerline and a negative finding as to appellee Ward on the same question.

We cannot state, as a matter of law, that the trial court's refusal to give appellants' Interrogatory No. 1 was inconsistent with substantial justice. We, therefore, are of the opinion that the trial court's failure to submit appellants' interrogatory constituted harmless error. Applicable to our finding of harmless error is TR. 61, Indiana Rules of Procedure, 1970 Revision, which reads as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

NOTE.—Reported in 265 N. E. 2d 45.