SOUTHERN INDIANA RAILWAY COMPANY
*v.* MESSICK.

[No. 5,238.    Filed June 20, 1905.]

1. PLEADING.—*Complaint.*—*Negligence.*—*How Alleged.*—A complaint alleging the commission of an injurious act by defendant and characterizing such act as negligently committed is sufficient. p. 679.

2. RAILROADS.—*Negligence.*—*Speed.*—In the absence of a statute or an ordinance limiting the rate of speed, no rate is negligence *per se*, but the speed may be considered in connection with other circumstances in determining an issue of negligence. p. 680.

Southern Ind. R. Co. *v.* Messick—35 Ind. App. 676.

3. RAILROADS.—*Negligence.—Running Engine Backward.*—It is not negligence for a railroad company to run its locomotive backward when such locomotive was built to run backward as well as forward. p. 681.

4. MASTER AND SERVANT.—*Railroads.—Transportation to and from Work.*—The relationship existing between an employe of a railroad company while riding to and from his work, the consideration therefor being a part of the .pay for his services, is that of master and servant, and not that of passenger and carrier. p. 681.

5. CARRIERS.—*Passenger.—Railroads.—Negligence.—Res Ipsa Loquitur.*—Where a passenger is injured by the derailment of the train, without such passenger's fault, the presumption is that such derailment was due to the negligence of the company, but this rule does not apply in favor of persons who are not passengers. p. 681.

6. NEGLIGENCE.—*Establishment.—Injury.—Inference.*—Negligence is not presumed solely because of an accident, but the negligence must be shown by positive or circumstantial evidence, and the injury, to create liability, must be a result of such negligence. p. 682.

7. MASTER AND SERVANT.—*Railroads.—Servant Riding to and from Work.—Standard of Care.—Assumption of Risk.*—A railroad company transporting its servants to and from their work is bound to use ordinary care for their safety, the employes assuming all of the ordinary risks in the running·of the train. p. 682.

8. NEGLIGENCE.—*Pleading.—Proof.*—The use of the word "negligent," in the characterization of an act, in the complaint, does not dispense with proof that such act was negligent. p. 682.

9. RAILROADS.—*Negligence.—Speed of Trains.*—Where the track is safe, and the train in good condition, it is not negligence to run a train, with its locomotive and tender turned backward, within the ordinary limits of speed usual for such train. *Chicago, etc., R. Co.* v. *Grimm* (1900), 25 Ind. App. 494, distinguished. p. 682.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by George W. Messick against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. M. Trissal, Brooks & Brooks* and *Gardiner & Slimp,* for appellant.

*Hastings, Allen & Hastings* and *E. T. Laughlin,* for appellee.

COMSTOCK, C. J.—The second paragraph of complaint on which the cause was tried is substantially as follows (omitting formal parts): That on September 1, 1902,

plaintiff was employed by the defendant to work as a common laborer and section hand on a certain section of defendant's railroad (describing the terminal of the section); that on September 25, 1902, the plaintiff was again employed by the defendant in the same capacity, and continued this work for two days, September 25 and 26, 1902; that the plaintiff resided at the town of Odon, in Daviess county, during the whole time he was in the employ of the defendant; that defendant agreed in said last employment, in addition to the per diem wages to be paid the plaintiff, to transport him each day from his home to the place where his work was to be performed, and from that place back to his home at night, after his day's work was completed; that on said September 26 the defendant, for the purpose of transporting plaintiff and other laborers under like employment from the place where they had performed their work on that day to their respective homes, had and used a train consisting of a locomotive engine and tender, one common box-car used for a tool-car, and one car used as a passenger-car, and constructed on the plan of the caboose of a freight-train, with the seats for the passengers constructed along the sides of the car, and running parallel therewith; that on said last-named day the defendant attempted to transport the plaintiff, with other persons on said train, from the place where he had performed his work for the defendant on that day to his home at said town of Odon, but the person in charge of said locomotive engine and the person in charge of the train, both of whom were in the service of the defendant, negligently ran the locomotive engine backwards with the tender in front, and said tool-car behind said locomotive engine, and said passenger-car, in which plaintiff was riding, behind said tool-car, and negligently ran said locomotive engine and train at a rate of speed of sixty miles per hour, and on account of such negligence, and while said locomotive engine and train were running on the main track of the defendant's railway at a

point between ————— and —————, in said county
of Greene, said locomotive engine and train ran off said
main track, and violently turned over, and plaintiff was
with great violence thrown about in said car and injured,
etc.; that when the plaintiff entered said car for the pur-
pose of being transported by the defendant as aforesaid he
had no knowledge that the persons in charge of said locomo-
tive and train upon said railway would so negligently run
the same as aforesaid; that plaintiff, on account of his in-
experience, had no knowledge that it was dangerous for him
to ride in said car with said locomotive engine running
backwards, with the tender in front as aforesaid. The
cause was put at issue by a general denial. A trial by jury
resulted in a verdict of $1,460 in favor of appellee, on
which judgment was rendered.

1. The first specification of error discussed challenges
the sufficiency of the second paragraph of the complaint.
Various objections are pointed out, the chief of which is
that it does not aver any negligent conduct against appel-
lant.

The language employed in the numerous decisions of our
courts in passing upon the sufficiency of complaints in negli-
gence cases has been intended to apply to the particular
averments under consideration. Many of them are more
useful for illustration than precedent. The expression of
the Supreme Court in *Evansville, etc., R. Co.* v. *Krapf*
(1896), 143 Ind. 647, has been followed and adopted in
subsequent cases: "It is not necessary in such a complaint
to recite all the facts and circumstances that may tend to
show that the act complained of was negligent. It is settled
by the decisions of this court that a complaint charging the
defendant with an act injurious to plaintiff, with a general
allegation of negligence in the performance of the act, is
sufficient to withstand a demurrer to the complaint for want
of sufficient facts; and that under such allegation any evi-
dence tending to show that the act was negligently done

may be admitted; otherwise the evidence would have to be pleaded instead of the facts." See, also, *Chicago, etc., R. Co. v. Grimm* (1900), 25 Ind. App. 494; *Terre Haute, etc., R. Co. v. Sheeks* (1900), 155 Ind. 74. The court did not err in overruling the demurrer.

The overruling of the motion for a new trial is the only other error assigned. That the verdict is not sustained by sufficient evidence is one of the reasons set out in the motion for a new trial.

The evidence shows that the appellee was in the employ of the defendant, and was riding home from his work, at the close of the day, on a work-train drawn by a locomotive running backwards, at from eighteen to forty-five miles an hour (the engineer and conductor of the train fixed the rate at eighteen or twenty miles an hour), when the train ran off the track and appellee was injured. There was no evidence tending to show that there was anything wrong with the track; that the engine was defective or out of repair; that it was run too fast for safety; or that there was anything unsafe, dangerous or negligent in running the train backwards, or at the rate of speed named by any witness. On the contrary, the evidence was that the engine was new, of an approved pattern, in perfect order, the track perfect, and the engine run as such engines of such trains are run, and as they are made to run, at a speed safe for the engine and track. No explanation was offered as to the cause of the derailment. It occurred on a three-degree curve, which had a three-inch elevation. The train left the track about two rails, or, measured in feet, sixty feet, after it struck the point of the curve. There was nothing unusual in the manner of running the rain. The usual way on appellant's and other roads, in operating work-trains, was to run the engines backwards and forwards, and the evidence was that it was safe so to run the train.

2.    High speed might be negligence when connected with some conditions, but they do not appear in the case at bar.

The mere running of the engine backwards was not such a condition when the engine was made to run, as shown, as well backwards as forwards, and manifestly it was just as safe when there were no obstructions on the track. The proof shows that there were no obstructions on the track. In the absence of any statute or ordinance upon the subject, no rate of speed is negligence *per se,* although the rate of speed in connection with other circumstances may be considered in determining the issue of negligence. A high rate of speed may be proper at a country crossing, although it might be considered negligence in a populous city. 3 Elliott, Railroads, §1160; *Terre Haute, etc., R. Co.* v. *Clark* (1880), 73 Ind. 168.

3. The only other circumstances to be considered with rate of speed in this case are that the engine was run backwards and that the car left the track at a curve. As we have seen, there was no negligence in running the engine backwards. As to the curve, it appeared from the evidence that it was not sufficient to require the slackening of a train for safety. Experienced engineers testified that they considered the same as a straight track, and that it was not unsafe to run an engine over this curve at a speed of forty-five miles an hour; that it was safe to run the engine backwards or forwards at a speed of from eighteen to forty-five miles an hour. This was the only evidence on the subject.

4. While being transported, as alleged in his complaint, appellee was an employe of appellant's. *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *Bowles* v. *Indiana R. Co.* (1901), 27 Ind. App. 672, 87 Am. St. 279; *Baltimore, etc., R. Co.* v. *Clapp* (1905), *ante,* 403, and cases cited.

5. When the fact has been established that a passenger in a railroad car has been injured without his fault by the car in which he was riding being thrown from the track and upset, the law will presume negligence on the part of the railroad company unless the evidence shows that there

was not.    This is the rule as to passengers.    Appellee was
not a passenger of appellant's.

6.  Negligence may be established by positive or circum-
stantial evidence, but it will not be presumed or inferred
merely because of an accident (3 Elliott, Railroads,
§1299) ; and the injury must be shown to have been caused
by some act or omission which is alleged to have been negli-
gence.   There must be a connection between the negligence
and the injury.   *Southern Ind. R. Co.* v. *Martin* (1903),
160 Ind. 280; *Baltimore, etc., R. Co.* v. *Young* (1896), 146
Ind. 374; *Salem-Bedford Stone Co.* v. *Hobbs* (1896), 144
Ind. 146.

7.  Appellant had the right to operate its train in the
usual method.   It owed the appellee only ordinary care.
Appellee assumed the risk ordinarily incident to his em-
ployer's business and the known manner of having it per-
formed.   The rule charges the employe with risks arising
from the method of running trains.   3 Elliott, Railroads,
§1289.   That appellee was injured while being carried in
appellant's train from his work to his home, that the train
.was being run in the manner alleged in the complaint (ex-
cept as to rate of speed), and that while so running it was
derailed and appellee was injured, are facts about which
there is no dispute.

8.  The use of the epithet "negligent" applied to the
manner of running said train does not dispense with proof
of negligence.   Unless an employer insures the safety of his
employes, we can see no liability in this case.

9.  The safe condition of the track, of the engine, the
ordinarily and usually safe method of operating the train,
the safety of the speed at which it was run, all affirmatively
appear, with the complete absence of evidence of negligence.
The cause of the unfortunate accident might be surmised,
but conjecture can not take the place of proof.   The higher
the rate of speed, the more probable is derailment; but
within the limits of speed shown to be ordinarily safe, a

railroad company is not guilty of negligence if its train is otherwise run with ordinary care.

Appellee cites *Chicago, etc., R. Co.* v. *Grimm* (1900), 25 Ind. App. 494, to sustain the complaint and the judgment. A reading of the case shows that it is distinguishable from the case at bar. In the former, as alleged in the complaint, the engine was attached to the rear of the train, so that the engineer was unable to see obstructions on said track in time to avoid collision therewith, and by reason of the fact that the cars were not preceded by an engine they were liable to be derailed upon coming in contact with any obstruction on said track, and that the same came in contact with a horse, by reason of which the cars were derailed. It was held that the complaint presented a question for the jury. At the trial there was evidence that it was dangerous to run the train in the manner charged; that derailment was more likely to occur if the caboose rather than the engine came in contact with an obstruction; that the locomotive, by reason of its greater weight, would be more likely than the caboose to throw from the track or crush an obstruction.

In this case there was in the tender four or five tons of coal, and more than half a tank of water. Granting that whether the rate of speed or manner of operating a railroad train, when charged as negligence, presents, as a general rule, a question for the jury, yet there remains the necessity of proving that the fact averred as constituting the negligence is negligence under the circumstances. In this case the manner of doing the particular acts is the gist of the charge. As to this there is a failure of proof.

The evidence does not fairly tend to prove the essential facts in the case.

It is not necessary to pass upon the other reasons set out in the motion for a new trial.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial.