## Cincinnati, Lawrenceburg and Aurora Electric Street Railroad Company *v.* Cook.

[No. 6,695. Filed April 21, 1909. Rehearing denied October 5, 1909.]

1. PLEADING.—*Complaint.—Interurban Railroads.—Collision with Vehicle.*—A complaint alleging that the motorman of defendant interurban railway company's car ran the same at a dangerous rate of speed upon a public highway, that such motorman, defendant's servant, negligently made a loud noise with his gong, thereby frightening the plaintiff's horses, that such motorman

304     APPELLATE COURT OF INDIANA,

Cincinnati, etc., Electric St. R. Co. *v.* Cook—44 Ind. App. 303.

saw the horses were frightened, that he negligently failed to stop, thereby striking such wagon and injuring the plaintiff, sufficiently shows that such motorman was in defendant's service and was acting within the scope of his duties, and states a cause of action. p. 306.

2. EVIDENCE.—*Conclusion as to Cause of Accident.—Interurban Railroads.—Witnesses.—Nonexpert.*—A nonexpert witness's conclusion, from the curve of an interurban railroad track, as to the cause of an accident, is not admissible, the facts only being admissible. p. 307.

3. TRIAL.— *Instructions.— Interurban Railroads.— Collision with Vehicle.—Contributory Negligence of Guest.*—An instruction that if a passive guest of a driver of a vehicle has no authority to direct or control the driver, and has no reason to suspect the driver's lack of prudence or skill, and has no reason to think that the horses are wild, vicious, or unmanageable, the negligence of the driver cannot be imputed to such guest, is correct. p. 307.

4. TRIAL.—*Instructions.—Interurban Railroads.—Use of Highway.* —Instructions, that a franchise granting to an interurban railroad company the right to place its track in a public highway and to operate its cars thereon, does not prevent the ordinary use of such way by the public for purposes of travel, but that such company must use ordinary care to prevent injuries, are not harmful, though no controversy over the law therein existed. p. 308.

5. APPEAL.—*Weighing Evidence.—Excessive Damages.*—The Appellate Court will not weigh conflicting evidence as to damages. p. 309.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Action by Margaret E. Cook against the Cincinnati, Lawrenceburg and Aurora Electric Street Railroad Company. From a judgment for plaintiff, defendant appeals. (For opinion on motion to dismiss, see 41 Ind. App. 227.) *Affirmed.*

*Stanley Shaffer, Frank B. Shutts* and *Martin J. Givan,* for appellant.

*Wymond J. Beckett* and *Thomas S. Cravens,* for appellee.

COMSTOCK, P. J.—Appellee recovered judgment against appellant for $4,500, damages for personal injuries sustained by her by reason of a collision of a wagon with a car running on appellant's street railroad track.

The errors assigned and discussed question the action

of the court in overruling the demurrer of appellant for want of facts to the complaint, and its motion for a new trial. The complaint substantially alleges that on or about July 16, 1906, plaintiff was riding in a two-horse wagon on the public highway leading from Aurora to Lawrenceburg, Dearborn county, Indiana, where defendant maintained its electric street railway tracks; that the horses attached to said wagon became frightened at one of defendant's cars approaching upon defendant's railway at a very high and dangerous rate of speed, to wit, thirty miles an hour; that the motorman, defendant's servant, was negligently making a loud noise with the gong, attached to said car, thereby negligently frightening said horses; that defendant's servant in charge of said car could have seen the frightened and unmanageable condition of said team, which was very close to said track, in ample time to check the speed of said car, and to stop the same before striking said horses and wagon and injuring plaintiff; that said horses and wagon were so close to said track that the defendant's motorman could have seen and known that he could not pass said team and wagon without striking the same with his car; that he knew that if he did not check the speed of said car, and stop the same, he would run into said wagon and team and injure said plaintiff; that wholly disregarding his said duty to this plaintiff, he negligently approached said wagon and team with defendant's car, while said horses and wagon were close to and upon said track, as aforesaid, at a high and dangerous rate of speed, and negligently ran into and against said wagon and team, thereby breaking said wagon, and throwing this plaintiff against hard objects in said wagon, greatly injuring this plaintiff, without her fault; that at no time was she driving said horses or either of them, or in any way controlling or directing the driver of said horses how he should drive, or where he should drive, or in what manner he should drive

306    APPELLATE COURT OF INDIANA,

Cincinnati, etc., Electric St. R. Co. v. Cook—44 Ind. App. 303.

and guide said team; that she was the passive guest of her son, who was at that time driving and managing said team and wagon. Here follows a description of her injuries, with prayer for relief, etc.

The objections made to the complaint are, that it does not appear that "defendant's motorman" or "defendant's servant" in charge of said car was, at the time of the doing of the negligent act, acting for the defendant, nor is it charged that the defendant did the negligent act in question, nor "that the defendant by its servant or its motorman did said negligent act." A reading of the complaint shows that it alleges that the motorman, defendant's servant, was negligently making a loud noise with the gong, attached to the car, and thereby negligently frightened said horses; that the horses became frightened and began to plunge, and ran upon the track of defendant; that when said horses became frightened and unmanageable they were in plain view of defendant's motorman in charge of said car; that said servant in charge of said car could see the frightened and unmanageable condition of said horses, and could in time, by the exercise of ordinary care, have checked the speed of said car and stopped the same before striking said horses and wagon; that said horses and wagon were so close to said track that defendant's motorman in charge of said car could have seen and known that he could not pass said team and wagon without striking the same with his car, if he proceeded with said car, and could have seen and known that, after said team ran upon said track of said defendant, if he did not check the speed of said car he would run into said wagon, and injure said plaintiff; that while said horses and wagon were upon said track, and in said unmanageable condition as aforesaid, defendant's motorman could, in the exercise of ordinary care, have stopped said car before running against said wagon and horses, but defendant's said servant negligently approached said wagon and team with said car at a high and dangerous

rate of speed, and negligently ran into and against said wagon and team. In conclusion the complaint connects with the preceding allegations of negligence the following: "And plaintiff says that by reason of all the defendant's negligence as herein alleged she was greatly hurt," etc. Appellant bases its contention on the case of *Wabash, etc., R. Co.* v. *Rooker* (1883), 90 Ind. 581, and the cases in this court following it. These cases seem to throw some doubt on the sufficiency of the complaint. And with the legal propositions stated on behalf of appellant we find no fault, but under the more recent cases of *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, and *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, the complaint, we think, must be held sufficient.

Frederick C. Rahe, a nonexpert witness who testified on behalf of appellant, was asked, upon direct examination, the following question: "Now from the way the 2. curve was there, Mr. Rahe, you may state what that indicated to you as to how the accident happened." The court sustained an objection to this question. As to the curve made by the wagon in coming upon the track of appellant's road, he testified that he could not state what kind of a curve it was. The question called for a conclusion of the witness. The facts, which alone were admissible, were testified to by other witnesses, giving measurements and directions.

Objection is made to instructions thirteen and fourteen, given. It is admitted that they correctly state the law in the abstract, but it is contended that upon the 3. question of imputed negligence of the driver, they are not applicable to the facts of this case. They are as follows: "(13) Where one is riding in a carriage, the passive guest of the driver, and without any authority to direct or control the conduct or movements of the driver, or without any reason to suspect his prudence or competency to drive in a careful and skilful manner, or without knowl-

308    APPELLATE COURT OF INDIANA,

Cincinnati, etc., Electric St. R. Co. *v.* Cook—44 Ind. App. 303.

edge that the horse is wild, vicious and unmanageable, and likely to run away, or do some other acts that would endanger or bring injury upon the person so riding as a guest under such circumstances, the negligence of the driver should not be imputed to the guest. (14) No negligence of the son in driving and managing said horses can be imputed to this plaintiff, if you shall find that she herself was free from any fault or negligence, and was merely the passive guest of the son, without any authority to direct or control the conduct or movements of her said son in the driving and management of her said horses.''

Apart from the fact that plaintiff was riding with her son, William Cook, we are referred to no part of the record indicating that the charges were inapplicable, nor are we referred to any evidence tending to show negligence upon the part of appellee or of her son. He was past twenty years of age, strong, athletic and able to manage horses under any ordinary circumstances, and when they were frightened did what he could to avert the accident.

Instructions ten and eleven are also objected to as not applicable to any evidence adduced at the trial. Said instructions told the jury that the permissive grant, by proper authority, to an electric railroad company to lay its tracks upon the public highway and operate its said electric street-cars upon the same, was not an abandonment in favor of the space occupied by its tracks, neither did the public yield its right to the ordinary use of the highway, nor did the appellant have an exclusive right to that portion of the highway upon which its tracks were laid. It is a vehicle of the highway, and has the right of way, but not the exclusive right of way of that portion of the highway upon which alone it can travel, but this right does not prevent others from driving across or along its tracks 'at any place or at any time, when by so doing they will not interfere

with the progress of the cars. The company accepts its grant with the implied condition that this right of the public cannot be unnecessarily impaired. The fact that travelers should give the right of way to the street-car does not relieve the company from exercising due care to prevent a collision, and the company, in the exercise of its franchise, is bound to recognize the rights and necessities of public travel.

As there was no controversy over the proposition of law therein announced, it may be conceded that it was not necessary to give these instructions; but, inasmuch as they properly stated the law, we will not presume that they were harmful.

Finally, it is contended that the damages are excessive. We have carefully read the expert testimony with reference to the physical condition of appellee. It presents the proverbial case of doctors' disagreeing. The extent and character of her injuries, and whether they will be permanent, are largely problematical. Were we permitted to weigh the evidence, and give credit to such expert testimony as seems to be most unbiased and supported by better reason, we would conclude that appellee's injuries were not so severe as claimed. This we cannot do. Nor can we say that, under the evidence introduced at the trial, the jury acted from prejudice, partiality or corruption.

Judgment affirmed.