HINES, DIRECTOR GENERAL OF RAILROADS *v.* DRAGER.

[No. 10,801. Filed April 19, 1921. Rehearing denied June 22, 1921. Transfer denied November 15, 1921.]

1. TRIAL.—*Special Interrogatories.*—*Subject-Matter.*—*Duty of Court.*—Trial courts should scrutinize interrogatories and not permit the procedure to be abused, and it is unfair to impose on the jury the task of answering worthless interrogatories or those calling for a fact wholly outside the evidence. p. 626.

2. TRIAL.—*Special Interrogatories.—Ultimate Facts.*—In a servant's action against a railroad company for injuries sustained when a log from a carload rolled off the car and fell upon him, an interrogatory asking "What caused the log to roll off when it did?" *held* not to call for an essential ultimate fact, plaintiff not being required to prove the exact reason why the log fell from the car at that particular time.   p. 627.

3. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.*—An employe assumes the risks normally incident to the employment, but he does not assume a risk which is due to the employer's negligence unless he knows and appreciates the danger and continues in the service, or unless the danger is so obvious that it will be presumed that he knew and appreciated it.   p. 627.

4. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Jury Questions.*—In an action by a servant against a railroad company for injuries sustained when a log from a carload of logs which he and other employes were making secure, rolled off, the question whether he assumed the risk of injury *held* for the jury.   p. 627.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by John C. Drager against Walker D. Hines, Director General of Railroads. From a judgment for plaintiff the defendant appeals. *Affirmed.*

*Frank J. Goebel, Jacob S. White* and *S. C. Kivett,* for appellant.

*Beckett & Beckett* and *W. F. Elliott,* for appellee.

DAUSMAN, P. J.—The appellee instituted this action to recover damages for personal injuries. Verdict and judgment for $5,000. The alleged errors are (1) overruling the motion for judgment on the interrogatories, and (2) overruling the motion for a new trial.

The Cincinnati, Indianapolis and Western Railroad Company is a common carrier by rail and engaged in interstate commerce. In one of its trains was a flat car loaded with logs which it was transporting from Memphis, Tennessee, to Jamestown, New York. The logs were placed lengthwise on the car and piled tier

upon tier, terminating in a peak. It was planned to keep the logs in place on the car by means of stakes set upright in sockets along the edges of the car. The stakes proved too small and presumably by reason of the vibrations of the car while traveling on the track these stakes worked down through the sockets. In the absence of the stakes the pile of logs spread until the lower outside logs extended over either edge of the car, and there was imminent danger that the logs would roll off. On reaching Indianapolis the car was placed on a repair track in the yards of said company for the purpose of readjusting the pile and making it secure for the remainder of the journey. The appellee and another workman, accompanied by a foreman, went to the yards to readjust the logs and make them secure on the flat car. By the use of jacks and a pinch bar the logs were pried up and pushed in toward the middle of the car so that stakes could be put into the sockets. When this readjustment had been made, an outer log of the second tier rested on the outer log of the lower tier, and in that position was so balanced that it had at least a temporary equilibrium. While the logs were in that position the foreman, who stood at the rear of the car, ordered and directed the workmen to put in the stakes. In obedience to that order the appellee and his fellow workman proceeded to prepare stakes and put them in the sockets. While so engaged the appellee was standing on the ground at the side of the car in a stooped position, trimming a stake to fit the socket, when the outside log of the second tier suddenly rolled off the car and fell upon him. The log weighed about two tons, and he was severely injured.

At the request of appellant, the court submitted fifty-one interrogatories, all of which relate to evidential matters only. Apparently there was no dispute concerning the evidential facts sought to

be ascertained by answers to these interrogatories. Trial courts should scrutinize interrogatories and should not permit that procedure to be abused. It is unfair to impose on a jury the task of answering worthless interrogatories. It is equally unfair to submit an interrogatory calling for a fact wholly outside the evidence. *Citizens' Telephone Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193.

. One of the interrogatories submitted in the case at bar was, "At the time of the accident, what caused the log to fall off when it did?" In other words,

2. Why did the log lose its equilibrium and fall at that precise time rather than before or after? The answer to that question lies somewhere in the realm of physics. The fall might have been due to vibrations caused by a passing locomotive, or by the blows of the sledge hammer with which one of the workmen had driven a stake into a socket, or by the blows of the axe with which appellee was sharpening a stake on the end of a cross tie, or by the compression of the bark between the upper and lower log, or by something else. But the question still remains, Why did it fall at that precise instant? To the question submitted, the jurors made the pretended answer, "No evidence." We need not discuss the propriety of that answer. It is sufficient to say that the interrogatory does not call for an essential ultimate fact. No duty rested on the appellee to prove the precise fact sought by the interrogatory.

The principle on which rests the doctrine of assumption of the risk is so generally understood that there is but little excuse for repeating it. An

3, 4. employe assumes the risks normally incident to the employment. He does not, however, assume a risk which is due to the employer's negligence, unless he knows and appreciates the danger and then continues in the service and encounters the danger; or unless the

danger was so obvious that it will be presumed that he knew and appreciated it. Therefore, whether or not the appellee assumed the risk of being injured by a falling log, was a question of fact for the jury under proper instructions. *Pennsylvania Co.* v. *Stalker* (1918), 67 Ind. App. 329, 119 N. E. 163.

Because of their cylindrical shape, the manner in which they were piled, and the force of gravitation, the logs had a natural tendency to roll off the car. Of that tendency the appellant was bound to take notice. The gravamen of the complaint is that the negligence with which the appellant is chargeable consisted in the failure of its foreman to secure the logs in their position by ropes, wires, or other means, and in such manner as would prevent any one or more of them rolling off the car while the workmen were preparing and putting in the stakes; and also in the fact that its foreman led the workmen to believe that the situation was safe when he gave the order to proceed with the work. The foreman stood in a position where he had a better view of the logs than did the workmen; and the uncontradicted evidence discloses that when the logs had been rearranged he said to the workmen: "All right now. Put in the stakes." Pursuant to that order the workmen proceeded to their task. One of them drove at least one stake in a socket with a sledge hammer; and within ten minutes after the order was given, the appellee was injured as above stated.

We find no reversible error in the record, and the judgment is affirmed.