## WINSKI ET AL. v. CLEGG.

[No. 11,693.   Filed January 15, 1924.   Rehearing denied March 21, 1924.   Transfer denied June 12, 1924.]

1.  APPEAL.—*Review.—Motion for Judgment on Answers to Interrogatories.—What Considered.*—In reviewing a ruling on a motion for judgment on answers to interrogatories, the court can consider only the pleadings, the verdict and the answers to the interrogatories.   p. 561.

2.  NEGLIGENCE.—*Contributory Negligence.—Answers to Interrogatories.—"Last Clear Chance".*—In an action based on negligence of the defendant, a motion for judgment on the answers to interrogatories, on the ground that they conclusively showed that the injured party was guilty of contributory negligence, was properly overruled where the allegations of the complaint were broad enough to admit evidence under the doctrine of "last clear chance."   p. 561.

3.  NEGLIGENCE.—*Evidence.—Sufficiency.—Question for the Jury.*—In an action for the death of a bicycle rider struck by a truck at a street intersection, the question of the driver's negligence was one of fact for the jury, if there was any evidence of such negligence.   p. 562.

4.  APPEAL.—*Review.— Evidence.— Sufficiency.*—A verdict will not be disturbed on appeal for insufficiency of evidence if there is any evidence legitimately tending to sustain it.   p. 562.

5.  NEGLIGENCE.—*Action for.—Contributory Negligence.—Precludes Recovery.*—In an action for the death of a bicycle rider struck by defendant's truck at a street intersection, where the evidence showed conclusively that plaintiff's decedent was guilty of contributory negligence, a verdict for the plaintiff was not sustained by sufficient evidence.   p. 562.

6.  NEGLIGENCE.— *Action for.— Evidence.— Competency.— Carefulness of Injured Party.*—In an action for the death of a bicycle rider struck by defendant's truck at a street intersection, testimony that the bicycle rider, on another occasion, in the opinion of the witness, was a careful rider, was incompetent, as being merely the opinion of the witness as to a matter which was exclusively for the jury.   p. 562.

From Tippecanoe Circuit Court; *Homer W. Hennegar,* Judge.

Action by Hiram M. Clegg against Oscar Winski and others.   From a judgment for plaintiff, the defendants appeal.   *Reversed.*

*Parkerson & Parkerson* and *Fenton, Steers, Herbst & Klee,* for appellants.

*Randolph, Milford & Milford,* for appellee.

ENLOE, J.—On September 23, 1919, one George K. Clegg, aged 16 years, and the son of the appellee herein, while riding his bicycle westward on Main Street in the city of LaFayette, was, at the intersection of Main and Second Streets, in said city, struck by a truck, driven by an employee of appellants, and then and there received injuries from which he died the next day. This action was brought by the father to recover damage sustained—services lost, and medical expenses—by reason of the death of his said son.

The issues, formed by a complaint in one paragraph and answer in denial thereto, were submitted to a jury for trial, and resulted in a verdict for the appellee in the sum of $2,000. With this verdict, the jury returned their answers to certain interrogatories submitted to them. The appellants unsuccessfully moved for judgment in their favor upon said answers, and also for a new trial, and these rulings are the only matters presented on this appeal.

The appellants first insist that the answers returned by the jury are in irreconcilable conflict with the general verdict, in that, they conclusively show that said

1, 2. deceased was guilty of contributory negligence. If we should concede this point, still, as a matter of law, we cannot say there is any such conflict as contended for. It is well settled that in considering a motion for judgment *non obstante,* the court *can look only* to the pleadings, the verdict, and the answers to the interrogatories. In this case, if we look to the complaint, we find its allegations broad enough to admit evidence showing that the driver of said truck was guilty of negligence under what is designated as the

VOL. 81—36

doctrine of "last clear chance." This matter was not covered by any interrogatories submitted, and the court did not err in overruling said motion.

The appellants next urge that the verdict is not supported by sufficient evidence, because, they say, there is no evidence of any negligence on the part of 3-5. the driver of said truck, at the time in question.

This was a question of fact for the jury, and if there is any evidence legitimately tending to prove such negligence, this is sufficient. We have read this record in an endeavor to find such legitimate evidence, and can find none. The competent evidence in this record concerning the conduct of the driver of said truck at the time in question, if it can be said to in any way indicate negligence on the part of said driver, would equally apply to the son of appellee who was killed; if it may be said to establish or show negligence on the part of said driver, it can also be said to equally show negligence on the part of said deceased, such as to preclude any recovery in this case. We are compelled to hold that said verdict is not sustained by sufficient evidence.

Complaint is also made that certain testimony was permitted, over the objection of appellants, to go to the jury. It appears from the record that on 6. Sunday, prior to the date on which deceased was injured, he, in company with two other boys of about his own age, was riding his bicycle; that he and one of the boys rode out to the Soldiers Home; that all three of these boys were riding their bicycles about the city of LaFayette on that day.

Each of these boys, so riding with the deceased was asked this question:

"On the last Sunday prior to the death of Kenneth Clegg, when you took the ride with him on bicycles, as you have already told the jury, you may state to the jury what his manner and conduct were in riding and

managing his bicycle on that occasion, as you observed it, as to his being watchful, careful and observant, or careless, not watchful, and not observant." To which question, after an objection thereto had been overruled, the witness answered: "Well, he was very careful and he watched—very careful at crossings, is all I could say. He was a very careful rider."

The objection to this question should have been sustained, and the testimony excluded. The question called for the opinion of the witness—his conclusion— as to the manner in which the deceased rode and managed his bicycle on the day mentioned in said question; it was asking for an opinion in a matter, *which, if competent at all*, was for the jury exclusively. *Cincinnati, etc., R. Co.* v. *Cook* (1909), 44 Ind. App. 303; *Ambre* v. *Postal Telegraph-Cable Co.* (1909), 43 Ind. App. 47; *Sherfey, Admr.*, v. *Evansville, etc., R. Co.* (1890), 121 Ind. 427; *Staser* v. *Hogan* (1889), 120 Ind. 207.

Appellants also complain of certain instructions given in this cause, but after a careful reading of all the instructions given, we are convinced that the court did not err in this regard.

For the reasons stated, this cause is reversed, with directions to the trial court to sustain appellant's motion for a new trial, and for further proceedings.

Judgment reversed.