## THOMPSON v. F. W. WOOLWORTH COMPANY.

[No. 14,871. Filed December 13, 1934. Rehearing denied April 1, 1935. Transfer denied May 23, 1935.]

*Wallace, Randel & Wallace,* and *Mark W. Lyday,* for appellant.

*Cooper, Royse, Gambill & Crawford,* and *Eaton J. Dudley,* for appellee.

DUDINE, P. J.—Appellant sued appellee to recover damages for personal injuries which she alleged that she received as the result of falling over weighing scales negligently placed in the aisle of its store by appellee.

The complaint alleged that the accident occurred on December 23, 1930; that appellee had negligently placed a weighing scale near an entrance of the store so that the platform of the scale extended into one of the aisles of the store, "where customers walked and passed, thereby obstructing the passageway;" that the platform was about fourteen inches wide, about eighteen inches long and about five inches high; that on the afternoon of said date appellant was in the store trading; that the store and aisles thereof were crowded with customers; that as she started to leave the store by way of the aisle in which the scale was placed, she could not and did not see the weighing machine because of the crowded condition of the aisles in the store, and as she was walking through the aisle she caught her right foot under the platform of the scale, which caused her to fall, and resulted in the injuries.

Appellee filed a demurrer to the complaint, which demurrer was overruled. Thereupon appellee filed an answer in general denial.

The cause was submitted to a jury for trial, and the jury rendered a verdict in the sum of two thousand dollars ($2,000.00) against appellee.

The court, however, upon request of the appellee, submitted sixteen interrogatories to the jury, and the jury having answered the interrogatories, the court, upon appellee's motion, rendered judgment for appellee on the answers to the interrogatories notwithstanding the general verdict.

Appellant perfected this appeal assigning the rendition of said judgment as error.

A general verdict must stand as against a motion for judgment on answers to interrogatories unless such answers are in irreconcilable conflict with the general verdict.

In determining whether or not a judgment should be rendered on answers to interrogatories notwithstanding the general verdict, we can not consider the evidence; we must determine the question by a consideration of the complaint, answer, interrogatories and answers to the interrogatories. *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21.

The jury is presumed to have returned a correct verdict until it is determined that the facts indicated by their answers to the interrogatories are in irreconcilable conflict with the verdict.

Interrogatories Nos. one, two, three, four, five, six, fourteen, and fifteen and the answers thereto related to measurements of the scale. The other interrogatories and answers were as follows:

"No. 7. Did plaintiff walk along the aisle and past the weighing machine in going back behind the north counter of the lunch department in defendant's store on the 23rd day of December, 1930?

Answer: Yes.

"No. 8. If your answer to Interrogatory No. 7 is 'Yes,' state whether or not plaintiff could have seen the weighing machine described in plaintiff's complaint if she had looked as she walked along the aisle in going back of the north counter described in plaintiff's complaint?

Answer: Yes.

"No. 9. Could plaintiff have seen the weighing machine described in her complaint, as she walked from the north counter as described in her complaint, if she had looked along the aisle where she was walking?

Answer: Yes.

"No. 10. Did plaintiff carry a baby in her arms as she started to walk west from behind the counter and along the aisle described in plaintiff's complaint?

Answer: Yes.

"No. 11. If your answer to Interrogatory No. 10 is 'yes' state whether or not plaintiff carried the baby in such a position as to prevent plaintiff from seeing the aisle where she was walking?

Answer: No.

"No. 12. Had plaintiff prior to December 23, 1930, frequently been in defendant's store and frequently been in that part of defendant's store described in the complaint, to-wit: Along the aisle and counter described in plaintiff's complaint?

Answer: Yes.

"No. 13. Was there any person or persons between plaintiff and the weighing machine described in plaintiff's complaint when she walked west going out and along the aisle from behind the North Counter of the soda fountain, just prior to the accident described in plaintiff's complaint?

Answer: No.

"No. 16. Did plaintiff look along the aisle north of the soda fountain in defendant's store where the weighing machine was located, as she walked west in going out of defendant's store just prior to the accident?

Answer: No evidence."

Appellee contends the answers to the interrogatories show that appellant was guilty of contributory negligence as a matter of law in that they show that appel-

lant could have seen the scale if she had looked; that there was no one between her and the scale when she walked into it. In support of its contention appellee cites the rule of law clearly stated in *Dehoney* v. *Harding* (1924), 300 Fed. Rep. 696-699, as follows:

> "The law requires a person to make reasonable use of his faculties to observe and avoid danger and conclusively presumes that he knows what he would have known had he made ordinary use of his senses."

It appeared from the evidence in that case that the plaintiff, a hotel guest in walking through a lighted corridor of the hotel

> "without regard for her own safety, deliberately stepped from the lighted corridor into a darkened stairway, when, if she had used her eyes, she would have seen the stairway and avoided the accident." (Quoting from the opinion.)

The court further said:

> "If she had left the room with her eyes closed, walked across the corridor and stepped off into the stairway, no one would seriously contend that she was not guilty of negligence which contributed to her injury. Her own testimony shows she practically did this thing. It seems clear that plaintiff simply hurried out of her room, and without paying any attention to where she was going and without using her senses walked into this darkened stairway."

The court held that the plaintiff was guilty of contributory negligence as a matter of law.

The answers to the interrogatories in the instant case do not show that appellant, in effect, closed her eyes and walked into the scale. In that regard they merely show, in effect, that appellant could have seen the scales if she had been looking. They do not show that in failing to look she failed to conduct herself as a reasonably prudent person would have conducted herself under similar circumstances. The court's opinion in the DeHoney case, *supra,* certainly shows that the

plaintiff in that case failed to conduct herself as a reasonably prudent person would have conducted herself under similar circumstances. The DeHoney case is not similar to the instant case and not determinative of it.

Appellee also cites *Johnson* v. *Washington Route, Inc.* (1922), 121 Wash. 608, 209 Pac. 1100; *Charles C. Fulton Co.* v. *Stichel* (1920), 135 Md. 542, 109 Atl. 434; and *Seabridge* v. *Poli* (1922), 98 Conn. 297, 119 Atl. 214, in support of said rule of law, but each of said cases is distinguishable from the instant case and none of them are controlling here.

Appellee cites four Indiana cases in support of said rule of law, but two of said cases involve liability of railways for damages resulting from railroad crossing accidents, and the other two cases involve liability of employers for injuries to employees occurring during the course of their employment. The relationship between the owner of a store and his customers is not similar to the relation of a railroad company and a traveler who crosses its railroad crossing, nor is it similar to the relation of employer and employee, and therefor said cases are not controlling here.

As we have previously indicated, we must presume that the general verdict is a correct verdict, and that presumption stands unless we conclude that the answers to the interrogatories are in irreconcilable conflict with the general verdict, or, stating it in another way, unless we conclude that the answers to the interrogatories being true, the general verdict can not be correct. No presumptions or inferences can be drawn in support of them against the general verdict. The facts specially found by the jury are the facts stated in the answers, and facts which might be inferred from the facts stated are not to be considered as having been found by the jury.

We are called upon to determine whether appellant, having been able to see the scale if she had looked, could have been free from contributory negligence. Perhaps the evidence showed that the circumstances under which the accident occurred were such that a reasonably prudent person would not have looked for a scale. If such circumstances existed, appellant would not have been guilty of contributory negligence. We are authorized to presume, in support of the general verdict, and we do presume that the evidence showed such circumstances. The answers to the interrogatories do not state facts which are in irreconcilable conflict with such facts.

Appellee contends that the proprietor of a store is not burdened by law with any unusual degree of care for the safety of his customers; that in that regard he is required merely to exercise reasonable care to keep his store in safe condition; that he is not an insurer of the safety of his customers. We agree with said contention of appellee—but call attention to the fact that the jury by their general verdict, in effect found that appellee had failed to exercise reasonable care to keep his store in safe condition. The answers to the interrogatories do not state any facts which are in irreconcilable conflict with such fact.

Appellee also contends that appellant was not entitled to recovery unless the negligence complained of was the proximate cause of the injuries. We agree with said contention, but by their general verdict the jury found in effect that the negligence complained of was the proximate cause of the injuries, and the answers to the interrogatories do not state any facts which are in irreconcilable conflict with such a fact.

The answers to the interrogatories do not show any of the following facts: (1) that appellee was not guilty

of the negligent act complained of; (2) that appellant was guilty of contributory negligence; (3) that the negligent act complained of was not the proximate cause of the injuries. In personal injury cases the general verdict must prevail as against a motion for judgment on answers to interrogatories unless one of said facts is shown by the answers to the interrogatories.

Appellee in its argument contends that the act of negligence complained of in the complaint is that the defendant placed the scale in an aisle in the store in such a position that appellant could not see it, on account of the throngs of people in the aisle, and that since the answers to the interrogatories show that she was not prevented from seeing the scale on account of the throngs in the aisle, judgment was properly rendered on the answers to the interrogatories.

The act of negligence complained of was placing the scale so that it extended into the aisle "where customers walked and passed, thereby obstructing the passageway." The allegation that appellant could not see the scale because of the throngs in the aisle was incidental to "the act of negligence complained of."

Having concluded that the premise for appellee's last contention does not exist, it is unnecessary that we further discuss it.

It being our opinion that the answers to the interrogatories are not in irreconcilable conflict with the general verdict, the judgment, which was rendered on said answers is reversed with instructions that the trial court overrule appellee's motion for judgment on the answers to the interrogatories, and render judgment upon the general verdict in accordance with this opinion.