KROHN *v.* SHIDLER, ADMINISTRATRIX.

[No. 20,436. Filed December 15, 1966. Rehearing denied January 12, 1967. Transfer denied April 14, 1967.]

*Russel J. Wildman,* of Peru, *Joseph T. Ives,* of Delphi, and *Charles S. Siferd,* of Monticello, all for appellant.

*Paul Reed,* of Knox, and *John Richert,* of Winamac, both for appellee.

WICKENS, Chief Justice.—Appellant claims error in the court's refusal to give certain interrogatories and to grant his motion for judgment on the answers to other interrogatories notwithstanding the general verdict. Defendant-appellant submitted 31 interrogatories of which the court gave 25 over objections. The court refused to give six of the tendered interrogatories.

Plaintiff-appellee's decedent died as a result of injury received while in his auto. His car apparently was involved in a single car crash on a bridge; he received some injury thereby and was trapped in his car blocking the traveled portion of the bridge. In five to fifteen minutes, the disabled car was struck by an auto driven by appellant and decedent died within 20 hours thereafter. Administratrix-appellee recovered damages for wrongful death against appellant in a jury trial.

General authority concerning interrogatories decrees that they should be so clear and concise as to be readily understood by the jury. Each question should be so framed as to call for a simple categorical answer. Questions should not assume facts controverted in the issues.

Conclusions of law should not be called for. Each question should be limited to a single, direct and controverted issue of fact. 53 Am. Jur., *Trial,* § 1070, p. 741.

Indiana cases on interrogatories were said by our Supreme Court in 1959 to be "in marked confusion and conflict" in a case to which we shall frequently refer herein. *The New York, Chicago and St. Louis Railroad Co.* v. *Shriner,* (1959), 239 Ind. 626, 630, 158 N. E. 2d 157.

We understand the *Shriner* case, *supra,* to hold that a trial court may not refuse to submit an interrogatory which is in proper form merely because it would not necessarily have controlled the general verdict. If stated conversely, the interrogatory calls for an answer which might have controlled a *single issue* of the case, it is proper to give such interrogatory. The test Judge Achor applies in the *Shriner* case, *supra,* is emphasized by the statutory language "on any or all issues in the cause." Acts 1897, ch. 85, § 1, p. 128, § 2-2022, Burns' 1946 Replacement. (See 1965 Amendments for legislative clarification.)

The general purpose of interrogatories to a jury is to test the correctness of the verdict by eliciting a determination of the material facts. They "may aid in sifting the jury's reasons for their verdict; they may show how closely or otherwise the jury has followed the trial court's instructions, and they may, and often do, show the measure of sincerity with which the jury has considered the evidence on which the general verdict must rest if it is permitted to stand." 53 Am. Jur., *Trial,* § 1063, p. 736.

The interrogatories which the court refused to give as numbered when tendered are as follows:

"6. Is there any evidence from which you can determine whether decedent would have died from injuries sustained by him when his automobile collided with the bridge?

"7. If so, would decedent have died from injuries sustained by him when his automobile collided with the bridge?

"10. If you find there is evidence from which you determine decedent would not have died from injuries sustained when his automobile collided with the bridge, would such injuries have caused him to suffer any permanent impairment?

"11. If so, state the nature and extent of such permanent impairment.

"12. If you find the decedent would not have died from injuries sustained when his automobile collided with the bridge, and that such injuries would have resulted in a partial, or total loss of decedent's earning power, state whether loss of earning power would have been total or partial.

"13. If such loss of earning power was only partial, state the extent of such loss of earning power, in fractions or percentages."

It should be noted that all of the foregoing interrogatories depend upon the answer to interrogatory No. 6. Said interrogatory No. 6 is almost identical to an interrogatory which was given by the court to the jury as No. 4, to-wit:

"4. Is there any evidence from which you can determine whether decedent's death was caused by the collision of his automobile with the bridge?"

On the same subject the court gave in addition to interrogatory No. 4, six other interrogatories as the court identified them numbered 5, 6, 7, 12, 13, and 14. We find the court asking the jury seven questions as to whether the evidence permitted the jury to determine whether decedent's death or injuries were caused by the collision of his automobile with the bridge. At the same time appellant is complaining that he cannot require the jury to answer six more questions relating to the same fact.

We are of the opinion that the trial court must be vested with some discretion. This is especially true where a large number of interrogatories are requested. As Judge Achor held in the *Shriner* case, *supra:*

"Obviously their use must be restricted so that they do not by their great numbers confuse the issues rather than simplify them."

Where on a single fact in issue thirteen interrogatories are requested, we are constrained to hold that no error was committed by the trial court giving only seven. We declare no precedent as to the number of interrogatories allowable on each fact in issue in any given case other than the one at bar. We hold that the matters inquired about in tendered interrogatories Nos. 6, 7, 10, 11, 12, and 13 have been adequately and fully investigated and submitted by the court to the jury and that the trial court did not abuse its discretion in refusing to give those tendered.

Trial courts should scrutinize interrogatories and not permit the procedure to be abused and it is unfair to impose on the jury the task of answering worthless interrogatories. *Hines, Director* v. *Drager* (1921), 76 Ind. App. 624, 626, 130 N. E. 654.

The other point urged by appellant is that error resulted from the failure of the trial court to sustain his motion for judgment on the interrogatories notwithstanding the general verdict. In that connection and by related points of appellant's argument, he insists that the first collision was the result of decedent's negligence and was a contributing cause of death and therefore barred recovery by administratrix-appellee.

To sustain this theory appellant points to certain interrogatories submitted to the jury and the answers thereto. The following interrogatories numbered as submitted by the court which appellant says are pertinent are:

"1. Did decedent drive his automobile against the bridge?

"Answer: Yes.

"2. If so, was he negligent in driving his automobile against the bridge?

"Answer: Yes.

"3. Was decedent injured as a result of the collision of his automobile with the bridge?

"Answer: Yes.

"8. Did decedent's automobile wreck itself when it collided with the bridge?

"Answer: Yes.

"9. If so, did it block passage of vehicles through the bridge to such an extent there was not sufficient room for defendant's automobile to pass through the bridge?

"Answer: Yes.

"11. Was the collision of decedent's vehicle with the bridge, and its stopping on the traveled portion of the highway, a proximate cause of decedent's injuries?

"Answer: Yes.

"24. Was the defendant Charles Krohn aware of the wrecked automobile of the decedent on the bridge, in time to have avoided running into and against said decedent's automobile?

"Answer: No."

We might assume with appellant that by these answers the jury has said "that the decedent negligently drove his automobile into a bridge, and was injured, and that decedent's negligence in so driving . . . was a proximate cause of his injuries." But we do not agree that the trial court or this court is concluded by such answers. In our opinion the trial court should not have given any interrogatories similar to No. 2 wherein the jury was asked if decedent was negligent in driving his automobile against the bridge.

There is no direct evidence in the record regarding the matter presented by interrogatory No. 2. No witness was presented, nor other evidence introduced, as to how, when or under what circumstances the decedent drove his car into the bridge. The earliest point on which there is any testimony or direct evidence shows decedent trapped in the car which was blocking the passage on the bridge. While reason would permit an inference that dece-

dent's automobile struck the bridge from the evidence introduced in the record, we do not hold that there is any reasonable inference therefrom that decedent was negligent nor that his negligence was the proximate cause of the first injuries.

> Contributory negligence is a fact to be established by evidence and not by presumption. *Indiana Union Traction Co.* v. *Myers* (1911), 47 Ind. App. 646, 651, 93 N. E. 888.

Negligence or contributory negligence must be proved and cannot be inferred in absence of some proof. *Pfisterer* v. *Key* (1941), 218 Ind. 521, 530, 33 N. E. 2d 330; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 550, 24 N. E. 2d 284.

In the absence of special circumstances sufficient to bring into operation the doctrine of *res ipsa loquitur,* the mere happening of an accident or occurrence of an injury does not raise a presumption or authorize an inference of negligence on the part of the defendant, or as here the one sought to be found contributorily negligent. *Parry Mfg. Co.* v. *Eaton* (1908), 41 Ind. App. 81, 91, 83 N. E. 510; *Southern Indiana Ry. Co.* v. *Messick* (1905), 35 Ind. App. 676, 682, 74 N. E. 1097.

Where there is no evidence of any negligent act on the part of the decedent there can be no presumption of negligence. There is no presumption that either party was or was not negligent. *Pennsylvania Ry. Co.* v. *Lytle* (1941), 109 Ind. App. 318, 327, 34 N. E. 2d 939; *Southern Indiana Ry. Co.* v. *Messick, supra.*

Therefore, on the premise that there was no evidence permitting the jury to find that decedent was negligent in driving his automobile against the bridge, we hold that interrogatory No. 2 should not have been asked and that the jury's answer thereto must be disregarded. On that subject the *Shriner* case, *supra,* at p. 634, holds that

proper issues to be the subject of interrogatories must be "raised by the pleadings and *supported by evidence.*" (Our Emphasis.) Further, asking if he was negligent is the same as asking the jury to declare how he should conduct himself. Therefore it calls for a conclusion of law. The question of what the person's conduct was in a particular case is a pure question of fact; the question of how he should have conducted himself is a pure question of law.

Finally, the question here is whether the answers to the interrogatories are so irreconcilably inconsistent with the general verdict that the general verdict must yield. Determination of that question requires us to indulge all reasonable presumptions in favor of the verdict. Interrogatories will be reconciled with the general verdict on any reasonable supposed hypothesis. *Mutual Benefit Health & Acc. Assn.* v. *Keiser* (1938), 214 Ind. 472, 487, 14 N. E. 2d 707; *Winski* v. *Clegg* (1924), 81 Ind. App. 560, 561, 142 N. E. 130; *Terre Haute, etc. Traction Co.* v. *Green* (1912), 49 Ind. App. 309, 310, 312, 97 N. E. 343.

Since all the elements which go to make up a party's right to recovery are found in his favor by a general verdict for him, all reasonable presumptions are entertained in favor of the verdict and nothing is presumed in aid of the interrogatories. *The Louisville, New Albany & Chicago Ry. Co.* v. *Creek, Adm'r.* (1892), 130 Ind. 139, 142, 29 N. E. 481; *The Cincinnati, Hamilton & Indianapolis R. Co.* v. *Clifford* (1888), 113 Ind. 460, 468, 469, 15 N. E. 524; *The Fort Wayne, Cincinnati and Louisville Ry. Co.* v. *Beyerle* (1887), 110. Ind. 100, 102, 11 N. E. 6. Before answers to interrogatories can overturn the general verdict on the issue of contributory negligence, they must affirmatively show facts which establish such contributory negligence regardless of all evidence that might have been introduced under the issues tending to support the general verdict or to explain such answers and reconcile them with the verdict. *New York,*

*etc. R. Co.* v. *Leopold, Adm'r.* (1920), 73 Ind. App. 309, 311, 127 N. E. 298. Answers to interrogatories establishing such contributory negligence should also establish that such negligence contributed to his injuries in order to overthrow a general verdict. *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 520, 45 N. E. 2d 351. The contributory negligence must also be the proximate cause of the injuries or death sued for. *Thompson* v. *F. W. Woolworth Co.* (1934), 100 Ind. App. 386, 394, 192 N. E. 893.

We must disregard the answers to interrogatory No. 2 and subsequent related interrogatories as having been unsupported by evidence and calling for a conclusion of law. These are the interrogatories which appellant urges indicate the need to overturn the general verdict.

In addition to the interrogatories and answers we have set out above, interrogatory No. 25 asked of the jury at appellant's request and its answer by the jury was as follows:

"Were the combined injuries the decedent received when his automobile collided with the bridge, and the injuries he received when his automobile was struck by defendant's automobile, the cause of decedent's death?

"Answer: Yes."

This interrogatory and answer together with the general verdict establishes a finding by the jury that the injuries which decedent received when his automobile was struck by the defendant's automobile was one of the proximate causes of decedent's death. This is a reasonable hypothesis supporting the general verdict. In the absence of an interrogatory and answer to the contrary we are required to assume from the general verdict that the jury found that defendant-appellant was negligent. 21 I. L. E., ch. 6, *Negligence,* §§ 221, 222, pp. 444-446. Negligence on the part of the defendant which was a proximate cause of death is sufficient. *City of Indianapolis* v. *Willis, Adm'r.* (1935),

208 Ind. 607, 618, 194 N. E. 343; *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 132, 99 N. E. 126; *Baltimore, etc. R. Co.* v. *Kleespies* (1906), 39 Ind. App. 151, 159, 76 N. E. 1015. It is not necessary that such negligence be the sole proximate cause. Where two causes proximately produce an injury one of which is attributable to negligence while the other is not, the party will be liable to the extent of his negligent act in the absence of proof of negligence on the part of the injured party. *The Board of Commissioners of Parke County* v. *Sappenfield* (1892), 6 Ind. App. 577, 582, 33 N. E. 1012.

It might even become our duty to affirm the general verdict if we were to assume that the decedent was negligent in colliding with the bridge in the first instance. The record here indicates that collision occurred in darkness, about midnight, in a rural area and on a straight almost level highway. Within minutes after the automobile of decedent probably or presumably struck the bridge and became disabled, a husband and wife coming in the opposite direction stopped their automobile, got out and went over to decedent's car. They ascertained that he was trapped and had some injury but he was able to converse with them. Another car approached, also from the direction opposite to that which decedent is believed to have come to the scene; the driver of that car came up and talked to the first witness and drove away with several companions for help. The husband noted appellant's car approaching from some distance and walked in that direction for some 240 feet waving a lighted flashlight with a red covering to signal appellant. At the same time the wife flicked the headlights of the couple's automobile now parked on the bridge some distance from the wrecked car of decedent, in an attempt to warn appellant. Despite these efforts appellant hit the disabled car with such force that it collided in turn with that of the witnessing couple. There is no evidence indicating that appellant braked his automobile or reduced its speed in any way. These facts

are in the record, without dispute, the appellant not having testified. They exhibit a situation in which decedent's negligence, if any were established, would only furnish a condition by which his injury was made possible This court has previously held that under like circumstances the acts of decedent cannot be held to be proximate cause of his injuries. The existence of the condition is not the proximate cause of the injury, but the proximate cause is the subsequent negligent act of appellant. *Slinkard* v. *Babb, Wilson* (1953), 125 Ind. App. 76, 85, 112 N. E. 2d 876.

We therefore hold that the answers to the interrogatories are not in irreconcilable conflict with the general verdict and there was no error in overruling appellant's motion for a verdict *non obstante verdicto.*

Although appellee has assigned cross-error in the giving of certain instructions with which we see some merit, because of the result reached we pass no opinion thereon.

Judgment affirmed.

Carson, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 221 N. E. 2d 817.